[No. 47057-8-II.   Division Two.   July 26, 2016.]

THE STATE OF WASHINGTON, *Respondent*, v. JARROD ALAN WIEBE, *Appellant*.

*Dana M. Nelson* (of *Nielsen Broman & Koch PLLC*), for appellant.

*Anthony F. Golik*, *Prosecuting Attorney*, and *Anne M. Cruser*, *Deputy*, for respondent.

¶1   JOHANSON, J. — A jury found Jarrod A. Wiebe guilty as an accomplice to burglary, kidnapping, robbery, extortion, criminal impersonation, and firearm theft. In the published

portion of the opinion, we hold that the accomplice liability statute, specifically the termination of complicity provision under RCW 9A.08.020(5)(b), did not create either a negating defense or an affirmative defense and that the burden to prove Wiebe was an accomplice fell on the State. We further hold that neither the trial court's accomplice jury instructions nor the State's closing argument shifted the burden of proof to the defendant, nor did these instructions deny Wiebe his choice of defense. In the unpublished portion, we hold that Wiebe did not unequivocally invoke his right to silence and that the peremptory challenge procedure did not violate Wiebe's public trial right. We affirm his convictions.

## FACTS

¶2 In December 2013, Wiebe and three other men drove to the home of Casimiro Arellano and his partner on a dairy farm. The three other men, dressed in camouflage and one wearing a "SWAT" (special weapons and tactics) vest, forcibly entered the home, jumped on Arellano, and tied his hands behind his back. The men took money and guns belonging to Arellano, and one of them asked for more money in exchange for not calling the police or immigration to arrest Arellano and his partner. Wiebe stood outside the front door during the incident and knocked on the door when he saw anyone. Wiebe entered the house to bring in two dairy farm workers and/or to carry the guns from the home to the men's car. Wiebe was charged as an accomplice to burglary, kidnapping, robbery, extortion, criminal impersonation, and firearm theft.

¶3 After the parties presented evidence at trial, the trial court instructed the jury that the State bore the burden of proving every element of every crime charged. The trial court also instructed the jury that a person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he aids or

agrees to aid in the commission of the crime. The trial court further instructed the jury, over Wiebe's objection, that

> [a] person is not an accomplice in a crime committed by another person if he or she terminates his or her complicity prior to the commission of the crime, and either gives timely warning to the law enforcement authorities or otherwise makes a good faith effort to prevent the commission of the crime.

Clerk's Papers at 48.

¶4 In closing argument, the State repeated the basic definition of accomplice liability from the jury instructions and argued that Wiebe aided and assisted in the commission of the crimes charged. The State also reiterated the elements of each crime. Finally, the State noted that Wiebe did not try to prevent the crimes from occurring and did not contact the police, as evidenced by the data from his phone. At no time did the State argue that Wiebe bore the burden of proof. The defense argued that the State had not met the "with knowledge" element of accomplice liability.

¶5 The jury convicted Wiebe of burglary, kidnapping, robbery, extortion, criminal impersonation, and 10 counts of theft of a firearm. Wiebe appeals.

## ANALYSIS

### ACCOMPLICE JURY INSTRUCTIONS

¶6 Wiebe argues that the trial court improperly instructed the jury regarding termination of complicity and improperly shifted the burden of proof to him. We disagree.

### A. STANDARD OF REVIEW AND RULES OF LAW

¶7 We review jury instruction errors based on legal rulings de novo. *See State v. Benn*, 120 Wn.2d 631, 654-55, 845 P.2d 289 (1993). Jury instructions are proper when they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the

applicable law. *State v. Carson*, 179 Wn. App. 961, 984, 320 P.3d 185 (2014), *aff'd*, 184 Wn.2d 207, 357 P.3d 1064 (2015). The rule is well established that instructions must be read together and viewed as a whole. *State v. Hutchinson*, 135 Wn.2d 863, 885, 959 P.2d 1061 (1998). A jury is presumed to follow the court's instructions. *State v. Kirkman*, 159 Wn.2d 918, 928, 155 P.3d 125 (2007).

¶8 RCW 9A.08.020(5) sets out the rules for accomplice liability and states in relevant part that

> [u]nless otherwise provided by this title or by the law defining the crime, a person is not an accomplice in a crime committed by another person if:
>
> . . . .
>
> (b) He or she terminates his or her complicity prior to the commission of the crime, and either gives timely warning to the law enforcement authorities or otherwise makes a good faith effort to prevent the commission of the crime.

¶9 There are two types of defenses in Washington State: affirmative defenses and quasi-defenses. 13A Seth A. Fine & Douglas J. Ende, Washington Practice: Criminal Law § 105, at 7 (2d ed. 1998). The defendant bears the burden of proving an affirmative defense by a preponderance of the evidence by setting forth facts that entitle the defendant to acquittal, even if the State proves every element of the crime charged. *State v. Riker*, 123 Wn.2d 351, 367-68, 869 P.2d 43 (1994) (analyzing the defense of duress); *State v. Lively*, 130 Wn.2d 1, 12-13, 921 P.2d 1035 (1996) (analyzing the defense of entrapment).

¶10 A quasi-defense, also called a "negating defense," consists of facts that negate one or more of the elements of the crime. *State v. Hicks*, 102 Wn.2d 182, 187, 683 P.2d 186 (1984) (holding the defense of a good faith claim of title negates the element of intent to steal for robbery). The State bears the burden of disproving a negating defense beyond a reasonable doubt because the constitution does not allow a defendant to bear the burden of disproving an

element of the crime. *State v. W.R.*, 181 Wn.2d 757, 770, 336 P.3d 1134 (2014).

### B. Burden of Proof, Negating Defense, and Affirmative Defense

¶11 Wiebe argues that because RCW 9A.08.020(5)(b) sets forth a negating defense, the State bears the burden of proving that complicity has terminated. He also argues alternatively that RCW 9A.08.020(5)(b) created an affirmative defense and that the jury likely believed he had the burden to prove complicity had terminated. His arguments are unpersuasive.

¶12 Wiebe cites no case holding that RCW 9A.08.020(5) constitutes either a negating defense or an affirmative defense. Wiebe relies on *State v. Handley*, 115 Wn.2d 275, 796 P.2d 1266 (1990), *State v. Whitaker*, 133 Wn. App. 199, 135 P.3d 923 (2006), and *W.R.*, 181 Wn.2d 757, to show that the termination of complicity under the accomplice liability statute constitutes a defense. But these cases do not establish Wiebe's proposition.

¶13 The Supreme Court in *Handley* merely referred to RCW 9A.08.020(5)(b) as the " 'withdrawal' defense to accomplice liability," while discussing whether a "similar defense" would be available for an anticipatory offense. 115 Wn.2d at 293. But *Handley* referred to the "withdrawal defense" only in passing and did not address whether RCW 9A.08.020(5)(b) established a defense or what burden of proof would apply to it. *See* 115 Wn.2d at 293.

¶14 And in *Whitaker*, the jury was instructed that a person is not an accomplice if he terminates his complicity before the commission of the crime and makes a good faith effort to prevent the crime, but the instruction was not referred to as a "defense." 133 Wn. App. at 235-36. There, the defendant argued that he tried to prevent a murder, the prosecution responded that this claim was unsupported and contradicted by the evidence, and the defendant then ar-

gued that the prosecutor's argument was misconduct because it "shifted the burden of proof." *Whitaker*, 133 Wn. App. at 235. The court rejected this argument and held that each party was entitled to present argument as to whether the defendant's actions constituted a good faith effort to prevent the commission of the crime and the prosecutor's argument did not shift the burden to the defendant. *Whitaker*, 133 Wn. App. at 235-36. Thus, *Handley* and *Whitaker* do not establish that RCW 9A.08.020(5)(b) constitutes either a negating defense or affirmative defense.

¶15 Finally, Wiebe tries to analogize RCW 9A.08.020 to the issue in *W.R.* to argue that termination of accomplice complicity is a negating defense. But *W.R.* is not analogous. There, the Supreme Court held that the State must bear the burden of disproving a "consent" defense where the defense necessarily negates an element of the completed crime. *W.R.*, 181 Wn.2d at 765-66. The court held that the element of forcible compulsion for the crime of second degree rape cannot coexist with the defense of consent because there is no forcible compulsion if the victim consents. *W.R.*, 181 Wn.2d at 765-66.

¶16 Wiebe argues that because accomplice liability hinges on a person knowingly promoting or facilitating a crime, if a person terminates complicity or tries to prevent the crime by calling police, then he cannot have promoted, aided, or agreed to aid in the crime and, thus, this defense negates elements of the accomplice liability. Wiebe cites no direct authority for this proposition. His argument is not persuasive because one *can* knowingly promote or facilitate the commission of a crime and then later terminate that complicity by calling the police. This is precisely what RCW 9A.08.020(5)(b) contemplates. Wiebe has not shown that accomplice liability cannot coexist with a later termination of accomplice complicity. Wiebe's argument fails.

¶17 We conclude that termination of complicity as found in RCW 9A.08.020(5)(b) is part of the definition of accomplice liability. We hold that RCW 9A.08.020(5)(b)

creates neither a negating defense nor an affirmative defense, and we conclude that the trial court properly instructed the jury.

## C. RIGHT TO CONTROL DEFENSE

¶18  Next, Wiebe argues that the trial court violated his Sixth Amendment right to control and choose his defense when the jury was instructed, over his objection, about when accomplice liability ends. U.S. CONST. amend. VI. We disagree.

■■ ¶19  Implicit in the Sixth Amendment is a criminal defendant's right to control his defense. *State v. Jones*, 99 Wn.2d 735, 740, 664 P.2d 1216 (1983). Instructing the jury on an affirmative defense over the defendant's objection violates the Sixth Amendment by interfering with the defendant's autonomy to present a defense. *State v. Lynch*, 178 Wn.2d 487, 492, 309 P.3d 482 (2013).

¶20  But as discussed above, termination of complicity is not an affirmative defense. Wiebe attempts to analogize this case to *Lynch*, in which the Supreme Court held that the trial court violated Lynch's right to control his defense when the trial court instructed the jury on the affirmative defense of consent to a charge of rape over Lynch's objection. 178 Wn.2d at 493. But again, Wiebe does not offer any authority that demonstrates that RCW 9A.08.020(5)(b) is an affirmative defense.

¶21  Accordingly, Wiebe was not denied his right to control his own defense when the trial court instructed the jury regarding termination of complicity over Wiebe's objection.

## D. CLOSING ARGUMENT

¶22  Finally, Wiebe argues that the State's closing argument impermissibly shifted the burden of proof to him. This argument fails.

¶23  Although in closing argument the State argued that Wiebe did not call the police or 911, the State *did not* say

that Wiebe had the burden of proving he was not an accomplice. Instead, the State spoke to all of the requirements of accomplice liability and the elements of the crimes charged, as well as the facts that supported its burden to prove Wiebe was an accomplice. Wiebe argued his chosen defense that he was not an accomplice because he did not know what the other men planned to do or know what they eventually did. The jury was properly instructed that the State bore the burden of proving every element of every crime charged.

¶24 Thus, Wiebe does not show that the State's closing argument improperly shifted the burden of proof to him. This argument fails.

¶25 We affirm Wiebe's conviction.

¶26 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE and SUTTON, JJ., concur.

Review denied at 186 Wn.2d 1030 (2016).