# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 48526-5-II |
| Respondent, | |
| v. | |
| BRIAN CHRISTOPHER COZAD, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — A jury found Brian C. Cozad guilty of failure to register as a sex offender. Cozad appeals arguing that the trial court erred by instructing the jury as to the registration requirements for a sex offender with a fixed residence. Cozad also argues that the trial court erred by refusing to give a jury instruction on the necessity defense. The evidence supported giving an instruction on the registration requirements for a sex offender with a fixed residence and the evidence did not support an instruction on a necessity defense. Accordingly, the trial court did not err. We affirm.

## FACTS

The State charged Cozad with one count of failing to register as a sex offender between April 18, 2014 and May 28, 2014. A jury trial began on December 21, 2015.

At trial, Community Corrections Officer Sandy Heurion testified that she was supervising Cozad based on a 2008 conviction for failing to register as a sex offender and a 2011 conviction for failure to register as a sex offender. Heurion testified that she informed Cozad of all necessary sex offender registration requirements.

Clark County Sheriff's Office Detective Barry Folsom is a detective assigned to the sex offender registration unit. The sex offender registration unit is responsible for monitoring all sex offenders required to register in Clark County. Detective Folsom testified that all sex offenders who register as homeless or transient are required to check in in person with the sex offender registration unit once a week. All transient sex offenders required to register are required to check in personally at the sex offender registration unit every Tuesday between 6:00 AM and 4:00 PM.[1] Detective Folsom also testified that, if an offender who has registered as transient obtains a fixed residence, the offender is required to notify the sex offender registration unit of the change of address.

Detective Folsom testified that, on April 18, 2014, Cozad registered a change in address from a fixed residence to homeless. When Cozad registered as homeless Folsom notified him, in writing, of the weekly in person check in requirement. Detective Folsom also testified that Cozad did not check in in person when required on April 22, April 29, or May 6.

---

[1] Although the sex offender registration unit has a direct line and they encourage offenders to call if they have problems or questions, calling in is not an adequate substitute for in person check in.

2

Cozad testified that before April 18 he was living in an apartment with his girlfriend.[2] However, the apartment manager asked him to leave because the Department of Corrections was regularly contacting him. Cozad stated that "[a]t that point in time I registered as homeless, but that wasn't entirely accurate." 1 Report of Proceedings (RP) at 142. Cozad continued sleeping at the apartment with his girlfriend because he left before the apartment manager arrived at the building and did not get home until after the apartment manager left for the day. Cozad was also giving his girlfriend money for the apartment.

Cozad also testified that he was working for a "temp agency" at the time. 1 RP at 143. On April 21 Cozad began working a job that required him to work from 5:00 AM to 7:30 PM seven days a week. Because of his work schedule, Cozad called the sex offender registration unit Tuesday evenings after he got off work to report his whereabouts for the previous week. Cozad testified that if he had a cell phone on the job site, he would be fired. He also testified that it was difficult to find employment as a felon.

After testimony concluded, Cozad asked the trial court to give the pattern jury instruction on a necessity defense. Washington Pattern Jury Instruction (WPIC) 18.02 states:

Necessity is a defense to a charge of [failure to register as a sex offender] if

(1) the defendant reasonably believed the commission of the crime was necessary to avoid or minimize a harm; and

(2) harm sought to be avoided was greater than the harm resulting from a violation of the law; and the [sic]

(3) the threatened harm was not brought about by the defendant; and

_____

[2] The girlfriend Cozad was living with at the time is now his wife.

(4) no reasonable legal alternative existed.

The defendant has the burden of proving this defense by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true. If you find that the defendant has established this defense, it will be your duty to return a verdict of not guilty [as to failure to register as a sex offender].

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 18.02, at 292 (4th ed. 2016). The trial court refused to give the necessity instruction because the trial court found that Cozad had presented insufficient evidence to support the instruction.

The State proposed jury instructions which included both the registration requirements for transient sex offenders and the change of address requirements if a sex offender establishes a fixed residence. The trial court determined the evidence supported the additions and gave both the State's proposed instructions. The instruction on registration requirements read:

A person who is required to register as a sex offender must comply with certain requirements of registration, including the following:

(1) the requirement that the defendant, lacking a fixed residence, report weekly, in person, to the sheriff of the county where the defendant is registered[.]

(2) the requirement that the defendant, lacking a fixed residence, comply with a request from the county sheriff for an accurate accounting of where the defendant stayed during the week.

(3) the requirement that the defendant provide the following information when registering: complete and accurate residential address or, if the defendant lacks a fixed residence, where the defendant plans to stay.

(4) the requirement that the defendant provide, in person or by certified mail with return receipt requested, signed written notice of a change of address within three business days of the change of address to the county sheriff with whom the defendant is registered.

Clerk's Papers (CP) at 35. The instruction defining fixed residence read:

> Fixed residence means a building that a person lawfully and habitually uses as living quarters a majority of the week. Uses as living quarters means to conduct activities consistent with the common understanding of residing, such as sleeping; eating; keeping personal belongings; receiving mail; and paying utilities, rent, or mortgage.
>
> Lacks a fixed residence means the person does not have a living situation that meets the definition of a fixed residence and includes, but is not limited to, a shelter program designed to provide temporary living accommodations for the homeless, an outdoor sleeping location, or locations where the person does not have permission to stay.

CP at 36.

The jury found Cozad guilty of failure to register as a sex offender. The trial court sentenced Cozad to a standard range sentence of 25 months. Cozad appeals.

ANALYSIS

Cozad argues that the trial court erred by giving the jury instructions related to a fixed residence because the evidence did not support the allegation that Cozad had a fixed residence. Cozad also argues that the trial court erred by refusing to give the instruction on the necessity defense because the instruction was supported by the evidence in the record. Here, evidence supported giving the instructions on fixed residence and the evidence did not support giving an instruction on the necessity defense. Accordingly, the trial court did not err, and we affirm.

No. 48526-5-II

STANDARD OF REVIEW

We review whether evidence supports giving a jury instruction for an abuse of discretion. *State v. Walker*, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998); *State v. Green*, 182 Wn. App. 133, 152, 328 P.3d 988 (2014).[3] A trial court abuses its discretion only where its decision is manifestly unreasonable or based on untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A party is entitled to a jury instruction on a theory of the case when evidence exists in the record to support the party's theory. *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986). A party is not entitled to an instruction that is not supported by the evidence. *Hughes*, 106 Wn.2d at 191.

## A. FIXED RESIDENCE INSTRUCTIONS

Cozad argues that the evidence did not support giving the instructions related to the registration requirements for registration related to an offender who has a fixed residence because Cozad's alleged residence—his girlfriend's apartment—did not meet the definition of fixed

---

[3] Cozad alleges that we review jury instructions de novo. Br. of App. at 6. When the alleged error is an error of law, we review jury instructions de novo. *State v. Wiebe*, 195 Wn. App. 252, 255, 377 P.3d 290 (2016). However, when the alleged error is based solely on the sufficiency of the evidence, the appropriate standard of review is abuse of discretion. *See also*, *State v. Fleming*, 155 Wn. App. 489, 503, 228 P.3d 804 (2010) (this court generally reviews the trial court's choice of jury instructions for an abuse of discretion, but it reviews alleged errors of law in jury instructions de novo).

Cozad also argues that he received ineffective assistance of counsel based on counsel's failure to object to the State's proposed jury instructions. However, because the jury instructions were proper, counsel's performance was not deficient. Without deficient performance, a defendant cannot establish an ineffective assistance of counsel claim. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

6

residence. Specifically, he argues that the apartment could not be a fixed residence because Cozad did not have permission to stay at the apartment. Br. of App. at 9.

RCW 9A.44.128(5) defines "fixed residence" as "a building that a person lawfully and habitually uses as living quarters a majority of the week." And under RCW 9A.44.128(9) a person "lacks a fixed residence" if the person is in "locations where the person does not have permission to stay." Cozad argues that the apartment was not a fixed residence because the apartment manager asked Cozad to leave the apartment. However, Cozad cites no authority for the proposition that when a person has the permission of a tenant to be in the apartment and no eviction action has been taken, simply being asked to leave by the apartment manager renders his or her presence in the apartment unlawful or not permissive. In fact, Cozad's argument is contrary to current law. *City of Bremerton v. Widell*, 146 Wn.2d 561, 570-73, 51 P.3d 733 (2002) (holding a tenant's invitation overcomes an objection by a landlord such that a tenant's invitation is a defense to criminal trespass).

The rest of Cozad's testimony establishes that Cozad slept at the apartment almost every night and contributed money to rent. Accordingly, Cozad's testimony establishes evidence supporting the State's theory that Cozad had a fixed residence at the time that he registered as transient. Accordingly, evidence supported the State's theory that Cozad failed to comply with the registration requirements that he provide a complete and accurate address, or that he failed to appropriately notify the sheriff's office of a change in address once the apartment was reestablished as his fixed residence. The trial court did not abuse its discretion when it gave the State's proposed jury instructions related to the registration requirements for a fixed residence.

B.  NECESSITY DEFENSE

Cozad also argues that the trial court erred by refusing to give his proposed instruction on necessity because the instruction was supported by sufficient evidence in the record.  We disagree.  Here, the record did not support giving an instruction on the necessity defense.  Accordingly, the trial court did not err by refusing to give the instruction.

A defendant may assert the common law defense of necessity "when circumstances cause the accused to take unlawful action in order to avoid a greater injury."  *State v. Jeffrey*, 77 Wn. App. 222, 224, 889 P.2d 956 (1995) (citing *State v. Diana*, 24 Wn. App. 908, 913, 604 P.2d 1312 (1979)).  To establish a necessity defense, the defendant must establish that (1) he or she believed the commission of the crime was necessary to avoid or minimize a harm, (2) the harm sought to be avoided was greater than the harm caused by the violation of the law, (3) the circumstances have not been brought about by the accused, and (4) no legal alternative existed.  *Jeffery*, 77 Wn. App. at 225 (citing *State v. Gallegos*, 73 Wn. App. 644, 651, 871 P.2d 621 (1994)).  Cozad's proposed instruction, WPIC 18.02, articulated the required elements of a necessity defense.

Cozad cannot show that substantial evidence supports a necessity defense.  First, Cozad cannot establish that commission of the crime was necessary to avoid or minimize harm.  Cozad alleges that he was required to violate the check in requirements "in order to avoid the greater harm of him becoming unemployed and permanently homeless" and because "he would lose his job, his income, and his (unlawful) occasional residence."  Br. of App. at 15, 17.  But the evidence presented at trial simply does not support Cozad's assertion.  The only evidence presented at trial was (1) Cozad was working from 5:00 AM and 7:30 PM and (2) he would be fired for having a cell phone at the job site.  There was no testimony establishing that Cozad would have been fired if he

had arranged to arrive at work a few hours later one day a week, or any other evidence affirmatively establishing Cozad would have suffered the harm he complains of if he had complied with the registration requirement.

Cozad argues that the harm sought to be avoided was creating an increased risk to the public because becoming unemployed would also result in him becoming homeless which poses a greater risk to the community. However, as noted above, Cozad has not actually established that complying with the registration requirements would have resulted in unemployment or homelessness. Therefore, Cozad also cannot establish that the harm he sought to avoid was greater than the harm caused by violating the sex offender registration requirements.

Moreover, Cozad primarily contributed to the circumstances that resulted in his inability to register. Cozad testified that, when the apartment manager asked him to leave because of contact with the Department of Corrections, he decided to register as transient. Cozad testified that registering as transient was not accurate and that he still slept at his girlfriend's apartment. And, Cozad was aware that registering as transient would require in person check in every week. Based on the evidence in the record, Cozad decided that, rather than take any other steps to address either the apartment manager's or the Department of Corrections' concerns, he would register as transient. Therefore, Cozad created the circumstances that required him to check in personally.

No. 48526-5-II

Because Cozad cannot show substantial evidence in the record supports at least three of the four required elements for a necessity defense, the trial court did not err by refusing to give the instruction on the necessity defense. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

JOHANSON, J.

10