# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54363-0-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| JARROD ALAN WIEBE, | |
| Respondent. | |

MAXA, J. – The State appeals the trial court's order granting Jarrod Wiebe's CrR 7.8(b) motion to vacate his 2014 convictions based on ineffective assistance of counsel.

Wiebe was charged as an accomplice with burglary, kidnapping, robbery, extortion, criminal impersonation, and firearm theft based on an incident in which three men who Wiebe was with forcibly entered a home and committed those crimes. The three others accepted plea agreements and pled guilty shortly before trial, but Wiebe rejected the plea agreement offered to him. A jury found Wiebe guilty of all charges. This court affirmed the convictions on appeal.

Following an evidentiary hearing on the CrR 7.8(b) motion, the trial court ruled that Wiebe's defense counsel was ineffective because, among other reasons, defense counsel failed to inform Wiebe that inculpatory statements he made to law enforcement would be admissible at trial once the other defendants pled guilty. We agree. And we conclude that the proper remedy is for the State is to reoffer the plea deal that Wiebe originally rejected.

Accordingly, we affirm the trial court's order granting Wiebe's CrR 7.8(b) motion and vacating his convictions. On remand, we direct the State to reoffer the plea offer presented to Wiebe.[1]

FACTS

*Background*

In 2013, Wiebe and three others drove to a house on a dairy farm in Ridgefield. The three men forcibly entered the house, detained the occupants, and took money and guns. Wiebe stood outside the door during the incident.

Wiebe and the others were arrested, and Wiebe submitted to a recorded interview with law enforcement. In the interview, Wiebe admitted that he was the lookout as the others paid a visit to someone. He stated that he knocked on the door when he saw some people outside.

Wiebe said in the interview that one of the men had a gun and he thought another man had a gun as well. He observed the others force their way into the house as the person inside tried to close the door. The others then put zip tie handcuffs on one of the people in the house. Wiebe stated that he stood by and then opened the car door as the others carried a large number of firearms out of the house.

The others were charged as principals and Wiebe was charged as an accomplice with burglary, kidnapping, robbery, extortion, criminal impersonation, and firearm theft. Wiebe filed a motion to suppress his statement to law enforcement, which the trial court denied. However, the prosecutor twice stated during the hearing that the State would not seek to admit Wiebe's statement because of *Bruton*[2] issues unless Wiebe testified differently at trial.

---

[1] The trial court also ruled that Wiebe received ineffective assistance of counsel for two other reasons. Because we affirm based on other grounds, we do not address these issues.

[2] *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968).

On the Thursday before trial, the State offered Wiebe and the other defendants plea deals. The offer to Wiebe was that he would plead guilty to three charges in exchange for a recommended 54 month sentence. On Friday afternoon, the other three defendants communicated by email to the prosecutor and Wiebe's defense counsel that they would accept the offers and plead guilty. Wiebe's counsel responded that Wiebe wanted to go to trial.

On Saturday, Wiebe's counsel told the prosecutor that he had met with Wiebe at the jail and that Wiebe was reconsidering accepting the plea offer and might take the offer. Counsel received an extension of time to accept the offer until Sunday at noon. On Sunday morning, Wiebe's counsel stated that Wiebe had decided to maintain his not guilty plea and go to trial. On Monday, the other defendants pled guilty.

After trial, a jury convicted Wiebe on all charges. He was sentenced to 306 months in confinement. Wiebe appealed, and this court affirmed his convictions. *State v. Wiebe*, 195 Wn. App. 252, 260, 377 P.3d 290 (2016).

*CrR 7.8(b) Motion*

Wiebe filed a CrR 7.8(b) motion to vacate his convictions, arguing that he received ineffective assistance of counsel. One of his claims was that defense counsel was ineffective for not advising him that his statements to law enforcement would be admissible once his co-defendants pled guilty. The trial court held an evidentiary hearing to address Wiebe's claims.

Wiebe testified that his attorney assured him that as long as he was not going to testify, his statements to law enforcement would not be admitted at trial. At no point before trial did Wiebe know that the statements would be admitted even if he did not testify.

Wiebe specifically testified that he did not know when he was making his decision regarding the plea offer that his statements were going to be admissible. He learned on Saturday

3

or Sunday that all the other defendants would be pleading guilty. But once he was told that, there was no discussion with defense counsel about his statements being admitted at trial. He still wanted to go to trial because he believed his statements would not be admitted, and without the statements the State did not have enough evidence to convict him.

Wiebe testified that he was very positive that defense counsel did not say anything about his statements being admitted until after the trial had started. He stated that had he known that the jury would hear his statements, he would have accepted the State's offer. In fact, he stated that there was no question in his mind that he would have accepted the State's offer.

Wiebe's defense counsel, Christopher Ramsay, testified that he told Wiebe after the suppression hearing that the State was not going to use his statements at trial unless he testified. After the State made its plea offer, Ramsay recalled meeting with Wiebe in the jail on Saturday afternoon. Ramsay stated that there was no discussion about whether Wiebe's statements would be admissible at trial. He stated that at that point, admissibility of the statements was not an issue because the other defendants had not formally pled guilty. Ramsay told Wiebe only after the other defendants pled guilty on Monday – and after his plea offer had expired – that the statements would be admissible.

The trial court issued a memorandum decision granting Wiebe's CrR 7.8(b) motion based on ineffective assistance of counsel. Regarding defense counsel's failure to inform Wiebe that his statement would be admissible once the other defendants pled guilty, the court stated:

> After the co-defendants entered their pleas Mr. Wiebe was never informed that his statements would now be admissible. Mr. Wiebe still believed that the State would not be able to play the recording of his statement unless he took the stand and testified. Mr. Wiebe never knew the full extent of the evidence that was going to be used against him. He was never given the option to possibly pursue the plea deal that was previously offered by the state and possibly have avoided the risk of so many years in prison. There is a severe disparity between the offered plea and the amount of time Mr. Wiebe received following the trial. When the co-defendants

4

entered their pleas the case changed substantially and his attorney failed to adequately apprise him of the substantial change. This took away Mr. Wiebe's ability to make a knowing and informed decision about how to proceed.

Clerk's Papers at 178.

The court entered an order vacating Wiebe's convictions. The State appeals the trial court's order.

ANALYSIS

A.    LEGAL PRINCIPLES

Under CrR 7.8(b)(5), a court may grant relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." Ineffective assistance of counsel can provide the basis for vacating a judgment under CrR 7.8(b)(5). *State v. Gomez Cervantes*, 169 Wn. App. 428, 434, 282 P.3d 98 (2012).

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an ineffective assistance of counsel claim, a defendant must show that defense counsel's performance was deficient, and the deficient performance prejudiced the defendant. *Id.* at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id*. at 458. Prejudice exists if there is a reasonable probability that, except for defense counsel's error, the result of the proceeding would have been different. *Id.*

There is a strong presumption that defense counsel's performance was reasonable. *Id.* Defense counsel's conduct is not deficient if it can be characterized as legitimate trial strategy or tactics. *Id.* To rebut the strong presumption that counsel's performance was effective, "the defendant bears the burden of establishing the absence of any '*conceivable* legitimate tactic

5

explaining counsel's performance.' " *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

A defendant's right to effective assistance of counsel applies during the plea bargaining process. *Estes*, 188 Wn.2d at 463-64. "[E]ffective assistance includes 'assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial.' " *Id.* at 464 (quoting *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010)). Defense counsel must " 'reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty.' " *Estes*, 188 Wn.2d at 464 (quoting *A.N.J.*, 168 Wn.2d at 111-12).

In the plea bargaining context, to show prejudice a defendant must demonstrate that "there is a reasonable probability that had [they] been fully informed, [they] would have negotiated a different outcome." *Estes*, 188 Wn.2d at 466. However, "[u]ncertainty about the outcome of plea bargain negotiations should not prevent reversal where confidence in the outcome is undermined." *Id.* at 464.

In general, we review for an abuse of discretion a trial court rulings on CrR 7.8(b) motions. *State v. Enriquez-Martinez*, 198 Wn.2d 98, 101, 492 P.3d 162 (2021). But we review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457.

B.    INEFFECTIVE ASSISTANCE – DUTY TO ADEQUATELY ADVISE

The State argues that the trial court erred in ruling that defense counsel was ineffective for failing to inform Wiebe that his statements to law enforcement would be admissible once his codefendants pled guilty. We disagree.

The trial court ruled that Wiebe's defense counsel was deficient because he failed to inform Wiebe that his statements to law enforcement would be admissible once the other defendants pled guilty.

The key to the admissibility of Wiebe's statements was the rule stated in *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). In *Bruton*, the Court held that the admission of an out-of-court statement by one nontestifying defendant violated a codefendant's confrontation right. *Id.* at 136-37; *see State v. Wilcoxson*, 185 Wn.2d 324, 330, 373 P.3d 224 (2016). Under this rule, Wiebe's statements would be inadmissible as long as another co-defendant remained in the case. However, if Wiebe was the only defendant, *Bruton* no longer would apply. And even though Wiebe's statements were made out-of-court, they would be admissible because they were not hearsay under ER 801(d)(2).

Whether Wiebe's statements would be admissible changed dramatically on the Friday afternoon before trial when the other three defendants communicated their intention to plead guilty. Even though no formal guilty pleas had been entered, Ramsey had to have known at that point that Wiebe's statements likely would be admissible at trial. Yet it is undisputed that Ramsay did not inform Wiebe of that fact as Wiebe was considering whether to accept the plea offer. This was crucial information because Wiebe admitted in his statement that he was acting as a lookout as the others forced their way into the house.

Ramsay suggested that he did not need to discuss the admissibility of Wiebe's statements because the defendants had not formally pled guilty when he was meeting with Wiebe on Saturday. The trial court ruled that Ramsay should have informed Wiebe that his statements would be admissible after the other defendants entered their pleas. And there is no question that Ramsay should have told Wiebe on Saturday that if the other defendants pled guilty – as they

stated they would – Wiebe's statements would be admissible. There was no strategic reason not to have that discussion with Wiebe. Without that information, Wiebe could not make an informed decision about whether or not to accept the plea offer. *See Estes*, 188 Wn.2d at 464.

We conclude that defense counsel's performance was deficient because he failed to inform Wiebe that his statements to law enforcement would be admissible once the other defendants pled guilty.

The trial court did not make a specific ruling on prejudice. However, by granting Wiebe's motion, the court impliedly concluded that defense counsel's failure to advise Wiebe that his statement would be admissible once the other defendants pled guilty prejudiced Wiebe.

Wiebe testified unequivocally that he would have accepted the plea offer and pled guilty if he had known that his statements would be admitted at trial. The trial court apparently found this testimony credible. Wiebe's testimony is consistent with his statement that he wanted to go to trial because if his statements to law enforcement would not be admitted, he did not believe that the State could prove that he was guilty. And the evidence shows that even without this information, Wiebe was seriously considering taking the plea offer.

Wiebe's testimony establishes that there is a reasonable probability that "had [he] been fully informed, [he] would have negotiated a different outcome." *Estes*, 188 Wn.2d at 466. We conclude that defense counsel's deficient performance prejudiced Wiebe.

Because we conclude that Wiebe received ineffective assistance of counsel, we hold that the trial court did not err in vacating Wiebe's convictions.

C.      REMEDY

The trial court did not address what would happen procedurally once Wiebe's convictions were vacated. The parties also do not address this issue.

In *State v. Drath*, this court held that the proper remedy when the defendant rejected a plea offer after defense counsel provided misinformation about the standard range sentence was to require the State to reoffer the plea offer that the defendant originally rejected. 7 Wn. App. 2d 255, 270-71, 431 P.3d 1098 (2018). This remedy was based on a similar remedy approved in *Lafler v. Cooper*, 566 U.S. 156, 171, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).

We agree with the remedy provided in *Drath*. Therefore, on remand we direct the State to reoffer the plea offer presented to Wiebe.

CONCLUSION

We affirm the trial court's order granting Wiebe's CrR 7.8(b) motion and vacating his convictions. On remand, we direct the State to reoffer the plea offer presented to Wiebe.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
LEE, C.J.

_____
GLASGOW, J.

9