[No. 13001-1-III.    Division Three.    March 9, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. SKIP JEFFREY,
*Appellant*.

*Keith Howard,* for appellant.

*Steven M. Clem, Prosecuting Attorney,* and *Frank W. Jenny II, Deputy,* for respondent.

THOMPSON, C.J. — Skip Jeffrey appeals a jury conviction for unlawful possession of a firearm. Former RCW 9.41.040(1).[1] He contends the trial court erred by denying his request for a necessity defense instruction.

Mr. Jeffrey and his wife Kathy Jeffrey were at home in East Wenatchee on the evening of May 18, 1992. At approximately 11:30 p.m., Mrs. Jeffrey looked out of her kitchen window and saw the face of what she thought was a young Hispanic male. Startled, Mrs. Jeffrey woke her husband who told her to call the police. Deputy Button of the Douglas County Sheriff's office responded and searched the surrounding area. He found a young Hispanic male in the neighborhood, but Mrs. Jeffrey was unable to identify him as the person she saw.

Shortly after Deputy Button departed, Mr. Jeffrey called a friend named Dale Yarbrough. He came to the Jeffreys' home and stayed about 1 hour. When he left, he placed a .45 mm Llama handgun under their couch. An hour after he departed, the Jeffreys heard noises outside their bedroom window. Mr. Jeffrey saw a silhouette outside the window, retrieved Mr. Yarbrough's gun from under the couch, and fired a shot through the headboard of the bed. He then told his wife to call the police again. When Deputy Button returned, he found Mr. Jeffrey in his bedroom with the gun in his hand. Mr. Jeffrey subsequently was charged with unlawful possession of a firearm.

PROPOSED JURY INSTRUCTIONS

Mr. Jeffrey proposed alternative instructions for the defense of necessity. The following instruction was his first choice:

---

[1] Former RCW 9.41.040(1) provides:

"A person is guilty of the crime of unlawful possession of a short firearm or pistol, if, having previously been convicted or, as a juvenile, adjudicated in this state or elsewhere of a crime of violence or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol."

Necessity is available as a defense when the physical forces of nature or the pressure of circumstances cause the Defendant to take unlawful action to avoid a harm which society deems greater than the harm resulting from the violation of the law.

*State v. Diana*, 24 Wn. App. 908, 604 P.2d 1312 (1979). *See* WPIC 18.02.

In the alternative Mr. Jeffrey proposed the following instruction:

It is a defense to the charge of unlawful possession of a short firearm or pistol that the unlawful possession was necessary under the circumstances.

Unlawful possession of a short firearm or pistol is necessary when all of the following elements are present:

1. The Defendant reasonably believed he or another was under unlawful and present threat of death or serious bodily injury; and

2. The Defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; and

3. The Defendant had no reasonable legal alternative; and

4. There was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

This defense must be established by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true.

*United States v. Lemon*, 824 F.2d 763 (9th Cir. 1987).

The trial court refused to give either instruction. It found *Diana* inapplicable, yet concluded Washington courts, in an appropriate case, would most likely adopt the second instruction, which has been used in the federal courts.

Mr. Jeffrey contends a necessity instruction was warranted so the jury could make a full and fair consideration of the entire case.

█ Whether necessity is an available defense for a violation of former RCW 9.41.040(1), unlawful possession of a firearm, is a question of first impression in Washington. This court held necessity is an available defense when circumstances cause the accused to take unlawful action in order to avoid a greater injury. *Diana*, at 913 (medical necessity is a valid defense to the crime of possession of marijuana). *See also State v. Cole*, 74 Wn. App. 571, 578, 874 P.2d

878, *review denied*, 125 Wn.2d 1012 (1994). However, the court in *Diana* observed necessity is not a defense where the compelling circumstances have been brought about by the accused or where a legal alternative is available to the accused. *Diana*, at 913-14 (citing Wayne R. LaFave & Austin W. Scott, *Criminal Law* § 50, at 381-83 (1972)). The defendant must prove by a preponderance of the evidence that: (1) he or she believed the commission of the crime was necessary to avoid or minimize a harm, (2) the harm sought to be avoided was greater than the harm resulting from the violation of the law, and (3) no legal alternative existed. *State v. Gallegos*, 73 Wn. App. 644, 651, 871 P.2d 621 (1994). In *Gallegos*, at 651, the court refused to allow the defense of necessity for the crime of eluding a pursuing police vehicle in circumstances in which the defendant acted on his friend's need for assistance.

Under federal case law, a defendant is entitled to a necessity instruction for the crime of unlawful possession of a firearm if he can satisfy four factors similar to those articulated in *Diana* and *Gallegos*. Specifically, the defendant must demonstrate: (1) he was under unlawful and present threat of death or serious injury, (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct, (3) he had no reasonable alternative, and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *United States v. Paolello*, 951 F. 2d 537 (3d Cir. 1991); *Lemon*, at 765; *United States v. Harper*, 802 F.2d 115, 117 (5th Cir. 1986); *United States v. Agard*, 605 F.2d 665 (2d Cir. 1979).[2]

The State argues that former RCW 9.41.040(1) was a strict liability statute; thus, a necessity defense is not available to the crime of unlawful possession of a short firearm or pistol. It urges this court not to frustrate the Legislature's intention of keeping handguns out of the possession of violent felons by creating defenses to former RCW 9.41.040(1)

---

[2]18 U.S.C. § 922(g)(1).

that the Legislature neither intended nor provided. At least one jurisdiction has held a statute which makes it unlawful for a convicted felon to possess a firearm imposes strict liability. *State v. Harrington*, 236 Neb. 500, 461 N.W.2d 752 (1990).

In construing a statute, the court's paramount duty is to ascertain and carry out the intent of the Legislature. *Service Employees Int'l, Local 6 v. Superintendent of Pub. Instruction*, 104 Wn.2d 344, 348, 705 P.2d 776 (1985). Where the statutory language is plain and unambiguous the statute's meaning must be derived from the wording of the statute itself. *State Human Rights Comm'n v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982).

We agree it is clear handgun legislation in Washington is designed to prohibit and punish potentially dangerous felons from possessing handguns. However, the statute does not address the unforeseen and sudden situation when an individual is threatened with impending danger. Certainly, the Legislature did not intend for a person threatened with immediate harm to succumb to an attacker rather than act in self-defense. A number of jurisdictions support this view. *See, e.g., People v. King*, 22 Cal. 3d 12, 582 P.2d 1000, 148 Cal. Rptr. 409 (1978); *Mungin v. State*, 458 So. 2d 293 (Fla. Dist. Ct. App. 1984); *People v. Govan*, 169 Ill. App. 3d 329, 338, 523 N.E.2d 581, 586 (1988); *State v. Walton*, 311 N.W.2d 113 (Iowa 1981); *State v. Blache*, 480 So. 2d 304 (La. 1985); *State v. Crawford*, 308 Md. 683, 696, 521 A.2d 1193, 1199 (1987); *State v. Spaulding*, 296 N.W.2d 870 (Minn. 1980); *Johnson v. State*, 650 S.W.2d 414 (Tex. Crim. App. 1983). We are persuaded a situation can arise that will permit necessity as a defense. We therefore hold the necessity instruction as set out in *Lemon* can in certain circumstances be a defense to the crime of unlawful possession of a firearm.

Having made this determination, we must decide whether such an instruction was appropriate here.

■ Mr. Jeffrey argues the trial court erred in ruling there was no evidence he was under necessity. The trial court found Mr. Jeffrey was in constructive possession of the gun before he came under any possible threat. Constructive possession is established by examining the totality of the situation and determining if there is substantial evidence from a which a jury can reasonably infer the defendant had dominion and control over the item. *State v. Porter*, 58 Wn. App. 57, 60, 791 P.2d 905 (1990). Factors which point to dominion and control include knowledge of the illegal item on the premises and evidence of residency or tenancy. *State v. Paine*, 69 Wn. App. 873, 878-79, 850 P.2d 1369, *review denied*, 122 Wn.2d 1024 (1993).

There was sufficient evidence to show Mr. Jeffrey had constructive possession of the gun. He knew the gun was under the couch in his own home. He testified he armed himself with the gun after he saw a silhouette in the window. There was no verification of an individual actually lurking outside the house. Even if there had been a person outside, there was no evidence he or she was capable of immediately entering the home or in any way posed a threat of imminent serious bodily injury or death to the Jeffreys. Finally, the Jeffreys' phone call to the police was, by itself, an adequate alternative, especially since Officer Button quickly responded to their first call. The trial court properly denied the proposed instructions as unsupported by the evidence.

The judgment of the trial court is affirmed.

Munson and Sweeney, JJ., concur.