[No. 31413-4-II.   Division Two.   April 5, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. SHAMARR DERRICK PARKER, *Appellant*.

---

*Lise Ellner*, for appellant.

*Gerald A. Horne, Prosecuting Attorney, Marie B. McCabe, Deputy,* and *Heather L. Welch, Legal Intern,* for respondent.

¶1 BRIDGEWATER, J. — Shamarr Derrick Parker appeals his conviction of first degree unlawful possession of a firearm, arguing that the trial court erred in refusing his proposed necessity instruction. We affirm.

¶2 At approximately 2:36 A.M. on April 9, 2003, Tacoma Police Officer Stephen Shepard observed a vehicle without headlights fail to obey a stop sign. When Shepard initiated

a traffic stop, Parker fled from the vehicle, disobeying Shepard's command to stop. Shepard radioed for help and chased Parker to a nearby residence.

¶3 After two other officers found Parker inside feigning sleep, Shepard arrested him and found a gun magazine containing bullets in his pants pocket. The magazine fit a gun found in the area, and Parker admitted that the gun belonged to him.

¶4 Because Parker had a prior conviction for second degree assault, the State charged him with first degree unlawful possession of a firearm. At trial, Parker testified that he carried the gun because he had been shot the previous July and his assailants were still at large. He added that he was leaving a friend's house after borrowing a car battery charger when Officer Shepard stopped him.

¶5 After the trial court rejected his proposed necessity instruction, the jury found Parker guilty as charged. Parker now appeals.

¶6 Parker contends that the trial court erred in refusing to instruct the jury on the necessity defense.

¶7 Each side in a case is entitled to instructions embodying its theory of the case if the evidence supports that theory. *State v. Benn*, 120 Wn.2d 631, 654, 845 P.2d 289, *cert. denied*, 510 U.S. 944 (1993). The necessity defense is available to a defendant " 'when the physical forces of nature or the pressure of circumstances cause the accused to take unlawful action to avoid a harm which social policy deems greater than the harm resulting from a violation of the law.' " *State v. Gallegos*, 73 Wn. App. 644, 650, 871 P.2d 621 (1994) (quoting *State v. Diana*, 24 Wn. App. 908, 913-14, 604 P.2d 1312 (1979)). Unlawful possession of a firearm is necessary when (1) the defendant reasonably believed he or another was under unlawful and present threat of death or serious physical injury, (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct, (3) he had no reasonable alternative, and (4) there was a direct causal relation-

ship between the criminal action and the avoidance of the threatened harm. *State v. Jeffrey*, 77 Wn. App. 222, 224-25, 889 P.2d 956 (1995).

¶8 The trial court refused Parker's proposed necessity instruction after finding that he had not proved the first element set forth above. Parker testified that he had been shot almost nine months before Officer Shepard stopped him on April 9, 2003, and that he had been carrying a gun for protection since the shooting. He also testified that he was not under any specific or imminent threat of harm at any time on April 9.

¶9 The Fifth Circuit Court of Appeals refused a necessity instruction where the evidence showed that the defendant bought a gun to protect himself at his business, which had been the object of several robbery attempts over an 18-month period. *United States v. Harper*, 802 F.2d 115, 117-18 (5th Cir. 1986). Because there was no evidence that the defendant was in danger of imminent bodily harm at the moment he purchased and possessed the gun, he was not entitled to the necessity defense. *Harper*, 802 F.2d at 118. By contrast, Division One held that a defendant was entitled to a necessity instruction where the evidence showed that he grabbed an assailant's gun while being beaten, pointed it at his attackers, and ran away. *State v. Stockton*, 91 Wn. App. 35, 38, 44, 955 P.2d 805 (1998).

¶10 The facts here are closer to those in *Harper* than those in *Stockton,* and we agree that Parker did not show that he reasonably believed he was under an unlawful and present threat of death or serious bodily injury when he was in possession of the gun on April 9.

¶11 Furthermore, we also find that Parker failed to prove that he had no reasonable legal alternative to carrying a gun. To show that he had no such alternative, Parker had to show " 'that he had actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefits of the alternative.' " *Harper*, 802 F.2d at 118 (quoting *United States v. Gant*, 691 F.2d 1159, 1164 (5th Cir. 1982)). Here, Parker testified that

he never contacted the police about his shooting, even though the police made several attempts to contact him. Instead, he said he got advice from a lawyer. Although he added that he thought his family would be harmed if he did contact the police, he did not demonstrate that previous contacts had been futile.

¶12 Finally, we note that Parker failed to establish a direct causal relationship between his possession of a firearm and the avoidance of the threatened harm. His own testimony established that his gun possession did not eliminate the possibility of attacks by his assailants. *See Harper*, 802 F.2d at 118 (though possession of firearm made robbery attempt less attractive, it did not eliminate the defendant's danger).

¶13 The trial court did not err in refusing Parker's proposed necessity instruction.

¶14 Affirmed.

QUINN-BRINTNALL, C.J., and MORGAN, J., concur.