[No. 24505-5-III. Division Three. February 8, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. ELLIOTT A. WHITE, *Appellant*.

*William D. McCool* and *Michael T. Purcell*, for appellant.
*James L. Nagle, Prosecuting Attorney*, and *Joseph M. Golden, Deputy*, for respondent.

¶1 BROWN, J. — Elliott White appeals his bail jumping conviction, contending the trial court erred in failing to give his proposed "necessity" affirmative defense instruction. Because the court gave the statutory "uncontrollable circumstances" instruction permitting Mr. White to argue his case theory, and because the evidence does not support a necessity instruction in any event, we affirm.

## FACTS

¶2 On June 18, 2004, the court convicted and sentenced Mr. White for two felony convictions and ordered him to report to jail the next day, but Mr. White failed to appear as ordered. A warrant was issued for his arrest. On June 28, 2004, Portland police officers Andrew Caspar and Scott Foster arrested Mr. White on the warrant and the State filed a bail jumping charge. Mr. White remained in custody for a month awaiting transfer to Walla Walla. Mr. White spent another 67 days in the Walla Walla County Jail before his release.

¶3 In his July 2005 bail jumping trial, Mr. White requested a common law "necessity" affirmative defense instruction based on evidence that he failed to report to jail because he had a back injury and suffered increased back

pain while sleeping on a standard jail bed during a February 2003 incarceration. Instead, the court gave a statutory "uncontrollable circumstances" affirmative defense instruction. The court ruled the legislature superseded the common law "necessity" defense by enacting the statutory defense. A jury found Mr. White guilty and he appeals.

## ANALYSIS

¶4 The issue is whether the trial court erred in giving the statutory "uncontrollable circumstances" affirmative defense instruction and rejecting Mr. White's proposed "necessity" affirmative defense instruction. At trial, Mr. White objected to the statutory defense instruction but conceded it was better than nothing. On appeal, Mr. White now contends both instructions should be given, arguing the statutory defense does not bar all other defenses.

¶5 We may affirm on any ground supported by the record. *State v. Ellis*, 21 Wn. App. 123, 124, 584 P.2d 428 (1978). We review a trial court's refusal to give a requested jury instruction de novo where the refusal is based on a ruling of law. *State v. Walker*, 136 Wn.2d 767, 772, 966 P.2d 883 (1998). We review a refusal based on factual reasons for an abuse of discretion. *Id.* at 771-72. The defense is entitled to jury instructions allowing it to argue its case theory. *State v. Redmond*, 150 Wn.2d 489, 493, 78 P.3d 1001 (2003). Sufficient evidence must support the instruction. *Id.*

¶6 It is a statutory affirmative defense to the crime of bail jumping that "uncontrollable circumstances prevented the [defendant] from appearing or surrendering." RCW 9A.76.170(2). The defendant must not have contributed to the circumstances in "reckless disregard of the requirement to appear or surrender," and the defendant must have "appeared or surrendered as soon as such circumstances ceased to exist." *Id.* "Uncontrollable circumstances" include medical conditions. RCW 9A.76.010(4).

¶7 "Necessity" is a common law defense with limited application. *See State v. Jeffrey*, 77 Wn. App. 222, 224-25,

889 P.2d 956 (1995); *State v. Diana*, 24 Wn. App. 908, 913-14, 604 P.2d 1312 (1979); 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 18.02, at 63 (2d ed. 1998) (WPIC). It is available "when circumstances cause the [defendant] to take unlawful action in order to avoid a greater injury." *Jeffrey*, 77 Wn. App. at 224; WPIC 18.02. The defendant must not have caused the threatened harm, and there must be no reasonable legal alternative to breaking the law. *Jeffrey*, 77 Wn. App. at 225; WPIC 18.02. The defendant must prove the defense by a preponderance of the evidence. *Jeffrey*, 77 Wn. App. at 225; WPIC 18.02.

¶8 Comparing the two defenses, the statutory defense is a specific iteration of the principles underlying the necessity defense. In this sense, the statutory defense appears to displace the need to give a general necessity defense instruction. Thus, giving an additional necessity defense instruction would necessarily be redundant, if not confusing. Overall, the statutory defense was sufficient for Mr. White to argue his case theory. But we need not dwell upon legislative intent or the differences between the two defenses because, in any event, the trial evidence does not support giving a general necessity defense instruction in Mr. White's case over the statutory defense.

¶9 According to Captain James R. Romine of the Walla Walla sheriff's office, special mattresses are available to inmates for medical conditions upon the advice of his medical staff. He testified the inmates are informed during the booking process of the procedure for submitting personal or medical requests, called "kite[s]." Report of Proceedings (RP) at 59-60, 62.

¶10 On February 10, Mr. White was initially admitted to the Walla Walla County Jail and, at a medical screening,\he indicated he had been taking Tylenol for hip pain. He did not report back problems. At some point during his three-day stay, he did complain of back pain, and on February 12, shortly before being released on bail, he saw a physician's assistant.

¶11 On June 19, Mr. White failed to report to jail after being sentenced. He testified he failed to appear because he was "afraid of what could have happened if [he] had to go to jail," even though he did not have back pain on the night of June 18 or for the next 10 days leading up to his arrest on June 28. RP at 143. While in custody, waiting to be transferred back to Walla Walla, he was given special sleeping accommodations based on a jail doctor's recommendation. According to Mr. White, his back pain was "bearable" because he was given a hospital bed. RP at 145-46.

¶12 On July 30, Mr. White returned to the Walla Walla County Jail. Mr. White sent "kites" to the jail staff, requesting a urologist and requesting medication refills. According to Captain Romine, Mr. White had complained about back pain but did not request to see a doctor for the pain. Captain Romine testified his medical staff never reported Mr. White needed special accommodations.

¶13 No evidence shows Mr. White's actions were necessary to avoid a greater harm or that no reasonable legal alternatives were available. *Redmond*, 150 Wn.2d at 493; *Jeffrey*, 77 Wn. App. at 224-25; WPIC 18.02. First, he did not suffer from back pain at the time of sentencing; he was simply afraid of what could happen upon returning to jail. Second, he had alternatives to breaking the law. Mr. White could have asked to see a doctor after reporting to jail to receive special accommodations, or he could have taken his medical record to the jail to show the need for special accommodations. Third, Mr. White's circumstances are unlike those typically seen in a necessity defense scenario where the defendant is confronted with an "unforeseen and sudden situation." *Jeffrey*, 77 Wn. App. at 226.

¶14 Given our analysis, the trial court did not err in its instructions.

¶15 Affirmed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.