# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                              Respondent,<br><br>        v.<br><br>TYRONE VASHON VAN BUREN,<br><br>                              Appellant. | No.  49866-9-II<br><br>UNPUBLISHED OPINION |

BJORGEN, C.J. — Tyrone Vashon Van Buren appeals his convictions of bail jumping.[1]

First, Van Buren argues that the State failed to prove he committed the crime of bail jumping as

contemplated by RCW 9A.76.170(1).  Second, Van Buren argues that he was denied his

constitutional right to present a defense when the superior court denied a jury instruction on

uncontrollable circumstances and granted the State's motion in limine.  Finally, Van Buren

argues ineffective assistance based on his counsel's failure to raise the common law defense of

necessity.

---

[1] Although Van Buren "requests this [c]ourt [to] reverse his convictions," his brief only provides argument regarding his conviction for the bail jumping that occurred on October 5, 2016.  Br. of Appellant at 28-29.  RAP 10.3(a)(6) requires parties to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."  *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).  Cursory treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.  *State v. Mason*, 170 Wn. App. 375, 384, 285 P.3d 154 (2012).  Accordingly, we do not address his conviction for bail jumping that occurred on July 7, 2016.

No. 49866-9-II

We affirm.

FACTS

The State charged Van Buren by information with attempting to elude a pursuing police vehicle under RCW 46.61.024. On July 7, 2016, Van Buren failed to appear at a hearing on the charge, and the State subsequently filed its first amended information adding one count of bail jumping under RCW 9A.76.170.

On October 3, 2016, the superior court heard pretrial motions. The State filed a motion in limine that requested the following, among other matters:

> No reference to the fact that the Court quashed the bench warrant, or references to the times or number of times the Defendant did appear after 7/12/16. These facts are not relevant to whether or not the Defendant bail jumped on 7/7/16 and the jury could draw inferences from the fact that the Court quashed the warrant which are improper.

Clerk's Papers (CP) at 20. The superior court granted each of the State's motions in limine. The superior court also directed Van Buren to appear for trial the following morning and cautioned a bench warrant would be issued if he failed to appear.

On October 4, the superior court noted that all parties were present. It then commenced voir dire and the jury was sworn and impaneled. The superior court admonished and excused the jury until the following day at 9:00 a.m. Prior to recess, the following exchange occurred:

> The Court: Anything from either side before we break for the day?
> Mr. Kibbe: Not from the Defense.
> Ms. Goodell: Opening at nine o'clock?
> The Court: Yes.
> The Defendant: So be here at nine o'clock?

2

> Mr. Kibbe: Yes.
> The Court: So yes, you need to be back here -- Mr. Van Buren, make sure you coordinate with your attorney, but I expect we will get started in court at nine o'clock here.
> The Defendant: Okay.

Suppl. CP at 111, Ex. 23. The clerk's minutes recite that "[c]ourt is at recess until tomorrow at 9:00 am." Suppl. CP at 106, Ex. 22.

On October 5, the clerk's minutes recite that at 9:09 a.m. court was in session, but noted that Van Buren was not present at that time. At 9:14 a.m., defense counsel entered the courtroom and notified the court he could not locate the defendant and requested a brief recess to which the State agreed. At 9:16 a.m., the court took a brief recess. At 9:26 a.m., court resumed. At that time, defense counsel reviewed his efforts to contact the defendant with the court. The State then requested a bench warrant be issued; the State also requested the jury be brought in and dismissed. Defense counsel requested to look for Van Buren in the hallway, which the court allowed. At 9:32 a.m., the court asked if Van Buren was present. Because Van Buren was not present, the court directed the bailiff to retrieve the jury. At 9:35 a.m., the court reviewed Van Buren's failure to appear with the jury and dismissed the jury. At 9:38 a.m., Van Buren entered the courtroom, and the superior court notified him a bench warrant had been issued.

The second trial commenced on November 28, 2016; but was recessed, due to the lack of jurors, until December 12. On December 12, the State filed its third amended felony complaint. The complaint charged Van Buren with one count of attempting to elude a pursuing police vehicle and two counts of bail jumping. Count II was for the bail jumping incident on July 7,

and count III was for the bail jumping incident on October 5. The State also filed a supplemental motion in limine "to extend the Court's prior ruling and prohibit any testimony or argument regarding what happened after the failure to appear, releasing of the jury, and issuance of a bench warrant on October 5th." CP at 38. The supplemental motion argued as follows:

> Information regarding the Defendant's eventual arrival is not relevant to any element or defense, with the exception of the affirmative defense of uncontrollable circumstances. While the State recognizes that a criminal defendant has the right to present a defense, it is also true that he has no constitutional right to have irrelevant evidence admitted in his defense. Therefore, the State would ask the Court [to] prohibit such evidence until an offer of proof establishing a prima facie showing that the affirmative defense will be offered is made.

CP at 38-39.

Defense counsel requested that the superior court deny the State's supplemental motion in limine. Counsel argued that RCW 9A.76.170(2) entitled Van Buren to the affirmative defense of uncontrollable circumstances. He also argued the superior court should instruct the jury according to 11 *Washington Practice: Pattern Jury Instructions: Criminal* 19.17 (4th ed. 2016) (WPIC), which outlines the elements of that statutory defense. As an offer of proof, defense counsel argued that Van Buren did not have the ability to drive because he had a suspended license and that Van Buren's initial ride "fell through." Verbatim Report of Proceedings (VRP) at 12. Nevertheless, Van Buren "did get someone else . . . to take him [to court]." *Id*. at 12-13. The State argued that counsel failed to make a prima facie showing of an uncontrollable circumstance.

The superior court agreed with the State and reasoned as follows:

4

I am reviewing the WPIC 19.17, the defense, and it's conceded by the defense in the first paragraph that acts of nature, such as flood, earthquake or fire or medical condition requiring hospitalization doesn't apply; or the sentence he is looking at is . . . an act of man, such as an automobile accident or threats of death, sexual attack or substantial bodily injury.

The Court is not convinced that transportation equates to any serious defense or serious circumstances outlined in the WPIC.

*Id*. at 14-15. The superior court orally granted the State's motion in limine. The superior court

also entered a written order that stated, in relevant part, as follows:

Ordered, Adjudged, and Decreed that no witness shall testify and no argument shall [b]e made with regard to any bench warrants being quashed. It is further

Ordered, Adjudged, and Decreed that no witness shall testify and no argument shall be made with regard to transportation issues that prevented the Defendant from being present in court at 9:00 a.m. on October 5th, 2016 or July 7th, 2016. It is further

Ordered, Adjudged, and Decreed that no witness shall testify and no argument shall be made with regard to what time the defendant next appeared in court after the bench warrants were issued on July 7th, 2016 and October 5th, 2016.

CP at 55.

On December 12, 2016, the jury in Van Buren's second trial was sworn in and

impaneled. Gloria Bell, a Kitsap County court reporter, testified that on October 4, Van Buren

was present in court and the court advised him that trial would commence the following day at

9:00 a.m. She also testified that on October 5, Van Buren did not appear in court at 9:00 a.m.

The jury found Van Buren not guilty of the crime of attempting to elude a pursuing police

vehicle charged in count I, but found Van Buren guilty of the crime of bail jumping as charged in

counts II and III. The superior court sentenced Van Buren to five months' total confinement on

both counts.

Van Buren appeals.

5

ANALYSIS

I. BAIL JUMPING

Van Buren contends that the State failed to present sufficient evidence to support his October 5, 2016 bail jumping conviction. Van Buren argues that because "[t]he bail jumping statute does not specify at which point in time a person's lack of presence constitutes a 'failure to appear as required,'" the statute is ambiguous. Br. of Appellant at 8. Van Buren then asks us to interpret the statute and to conclude that under it his tardiness on October 5 did not constitute bail jumping. Consequently, Van Buren would have us conclude that the evidence was insufficient to show bail jumping on that date.

We decline to delve into any statutory interpretation and construction of RCW 9A.76.170(1) because the meaning of the legislative text is plain. Under that plain text, we hold the evidence was sufficient for the jury to find Van Buren guilty of bail jumping.

A.    Statutory Ambiguity

RCW 9A.76.170(1) provides in relevant part that

> [a]ny person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, . . . and who fails to appear . . . as required is guilty of bail jumping.

Van Buren argues that because "the bail jumping statute does not specify at which point in time a person's lack of presence constitutes a 'failure to appear as required,'" the statute is ambiguous. Br. of Appellant at 8. We disagree.

We review questions of statutory interpretation de novo. *State v. Mandanas*, 168 Wn.2d 84, 87, 228 P.3d 13 (2010). The purpose of statutory interpretation is to give effect to the legislature's intent. *In re Pers. Restraint of Cruze*, 169 Wn.2d 422, 427, 237 P.3d 274 (2010).

Where the meaning of a statute is plain, the legislative intent is derived from the text. *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). Plain meaning is derived from the ordinary meaning of the words used, the context of the statute, related provisions, and the statutory scheme as a whole. *Engel*, 166 Wn.2d at 578. We avoid a reading that produces absurd results because the legislature is presumed not to intend them. *Engel*, 166 Wn.2d at 579.

"If a statute is susceptible to more than one reasonable interpretation, it is ambiguous and, absent legislative intent to the contrary, the rule of lenity requires us to interpret the statute in favor of the defendant." *State v. Coucil*, 170 Wn.2d 704, 706-07, 245 P.3d 222 (2010). Our first inquiry, therefore, is whether the statute is ambiguous.

The "fails to appear . . . as required" language contained in RCW 9A.76.170(1) is plain and unambiguous.[2] The statute applies when a defendant has been released and knows that he is required to make "a subsequent personal appearance before any court of this state." RCW 9A.76.170(1). A defendant commits the crime of bail jumping if he "fails to appear . . . as required." RCW 9A.76.170(1). The requirement to "appear . . . as required" plainly refers to the preceding clause, which requires that the defendant know that he is required to make *a personal appearance before a court.*

The legislature's intent is plain: RCW 9A.76.170(1) bound Van Buren to appear at the time and date the superior court required. Having concluded that the bail jumping statute is unambiguous, we now turn to whether the evidence was sufficient for the jury to convict Van Buren of bail jumping.

---

[2] In *State v. Charles*, noted at 162 Wn. App. 1071 at *4 (2011) (unpublished), we likewise held "[t]he bail jumping statute is not ambiguous."

B.     Sufficiency of the Evidence

Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). We interpret all reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Credibility determinations are for the trier of fact and are not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

"The elements of bail jumping are satisfied if the defendant (1) was held for, charged with, or convicted of a particular crime; (2) had knowledge of the requirement of a subsequent personal appearance; and (3) failed to appear as required." *State v. Downing*, 122 Wn. App. 185, 192, 93 P.3d 900 (2004). Moreover, "the knowledge requirement is met when the State proves that the defendant has been given notice of the required court dates." *State v. Fredrick*, 123 Wn. App. 347, 353, 97 P.3d 47 (2004).

On October 4, 2016, the following colloquy occurred between Van Buren and the superior court:

> The Defendant:  So be here at nine o'clock?
> Mr. Kibbe:  Yes.
> The Court:  So yes, you need to be back here -- Mr. Van Buren, make sure you coordinate with your attorney, but I expect we will get started in court at nine o'clock here.
> The Defendant:  Okay.

Suppl. CP at 111, Ex. 23.

The superior court required Van Buren to appear at 9:00 a.m. on October 5. Given Van Buren's colloquy with the court on October 4, the record clearly shows that Van Buren knew that the court required him to appear for trial at 9:00 a.m. on October 5. Van Buren did not appear until 9:38 a.m. on October 5. Gloria Bell, a Kitsap County court reporter, testified that on October 4, Van Buren was present in court and the court advised him that trial would commence the following day at 9:00 a.m. She also testified that on October 5, Van Buren did not appear in court at 9:00 a.m. Viewing the evidence in the light most favorable to the State, the evidence established that Van Buren received notice of (and knew of) the required court appearance at 9:00 a.m. on October 5 and that he failed to appear. We hold that the evidence was sufficient to sustain Van Buren's conviction for bail jumping.

## II. RIGHT TO PRESENT A DEFENSE

Van Buren next argues that the superior court violated his constitutional right to present a defense by denying a jury instruction on the uncontrollable circumstances affirmative defense and granting the State's motion in limine. He also argues that the State's motion in limine prevented him from presenting the defense of necessity. The State argues that Van Buren did not make a prima facie showing of uncontrollable circumstances and, thus, the superior court properly granted its motion in limine. It similarly argues Van Buren did not make a prima facie showing of necessity.

We agree with the State that Van Buren failed to make the necessary showing and, thus, was not entitled to an instruction on the uncontrollable circumstances affirmative defense. We

also hold that the superior court did not err when it granted the State's motion in limine. Finally, we hold that the record does not support Van Buren's claim of necessity.

A.      Legal Principles

RCW 9A.76.170(2) states:

It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

RCW 9A.76.010(4) defines "uncontrollable circumstances" as follows:

"Uncontrollable circumstances" means an act of nature such as a flood, earthquake, or fire, or a medical condition that requires immediate hospitalization or treatment, or an act of a human being such as an automobile accident or threats of death, forcible sexual attack, or substantial bodily injury in the immediate future for which there is no time for a complaint to the authorities and no time or opportunity to resort to the courts.

A defendant is entitled to have the jury instructed on his theory of the case if evidence supports that theory. *State v. O'Brien*, 164 Wn. App. 924, 931, 267 P.3d 422 (2011). However, a defendant must establish each element of an affirmative defense by a preponderance of the evidence. *Id*. Accordingly, the superior court may decline to instruct the jury on an affirmative defense if a defendant has failed to make the necessary prima facie showing. *See id*.

We review a claim under the Sixth Amendment involving the right to present a defense or to confront witnesses through a three-step test. First, the evidence that a defendant desires to introduce "'must be of at least minimal relevance.'" *State v. Jones*, 168 Wn.2d 713, 720, 230 P.3d 576 (2010) (quoting *State v. Darden*, 145 Wn.2d 612, 622, 41 P.3d 1189 (2002)). Second,

if the defendant establishes the minimal relevance of the evidence sought to be presented, the burden shifts to the State "'to show the evidence is so prejudicial as to disrupt the fairness of the fact-finding process at trial.'" *Jones*, 168 Wn.2d at 720 (quoting *Darden*, 145 Wn.2d at 622). Third, the State's interest in excluding prejudicial evidence must be balanced against the defendant's need for the information sought, and relevant information can be withheld only if the State's interest outweighs the defendant's need. *Id.*

We review de novo a defendant's claim that his Sixth Amendment right to present a defense was violated. *Jones*, 168 Wn.2d at 719. On the other hand, we generally review a superior court's evidentiary rulings for an abuse of discretion. *State v. Strizheus*, 163 Wn. App. 820, 829, 262 P.3d 100 (2011); *see also State v. Lee*, 188 Wn.2d 473, 488-89, 396 P.3d 316 (2017); *Darden*, 145 Wn.2d at 619. A superior court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007). Such is the case when the superior court relies on unsupported facts, takes a view that no reasonable person would take, applies an incorrect legal standard, or bases its ruling on an erroneous legal view. *Id.* at 284.

We need not attempt to sort out how these two standards of review are applied where the defendant alleges a violation of the right to present a defense based on the exclusion of evidence in these circumstances. For the following reasons, the superior court did not err under either standard of review.

B.   Denial of the Instruction on Uncontrollable Circumstances Did Not Deprive Van Buren of the Right to Present a Defense

During pretrial motions, defense counsel argued that RCW 9A.76.170(2) entitled Van Buren to the affirmative defense of uncontrollable circumstances. He also argued the superior

court should instruct the jury according to WPIC 19.17, which outlines the elements of that statutory defense. As an offer of proof, defense counsel argued that Van Buren did not have the ability to drive because he had a suspended license and that Van Buren's initial ride "fell through." VRP (Dec. 12, 2016) at 12. The superior court was "not convinced that transportation equates to any serious defense or serious circumstances outlined in the WPIC." *Id.* at 15. We agree.

Van Buren argues that his ride falling through was "an act of a human being" that amounts to an uncontrollable circumstance. However, RCW 9A.76.170(2) and RCW 9A.76.010(4) contemplate only more serious circumstances beyond one's control: for example, an automobile accident or threats of death, forcible sexual attack, or substantial bodily injury. Without this sort of circumstance, the method or mode of transportation (or lack thereof) to court does not amount to an uncontrollable circumstance as contemplated by the statute. Further, the record does not show that alternative modes of transportation were unavailable to Van Buren or that he was unable to use those that were available.

Accordingly, because Van Buren failed to make a prima facie showing of uncontrollable circumstances, the superior court did not err when it denied instruction on the same. Under either standard of review, denial of the instruction did not deprive Van Buren of the right to present a defense under *Jones*, 168 Wn.2d at 720.

C.    The Superior Court Did Not Deprive Van Buren of the Right to Present a Defense When It Granted the State's Motion in Limine

Van Buren argues that the superior court violated his constitutional right to present a defense by granting the State's motion in limine. As noted, that order barred evidence of

"transportation issues" that prevented Van Buren from being present in court and evidence of his appearances after issuance of the bench warrants. CP at 55.

Van Buren failed to make a prima facie showing of uncontrollable circumstances, and the circumstances surrounding his failure to appear as required constituted inadmissible evidence. The excluded evidence was not at least minimally relevant, and, under either standard of review, its exclusion did not deprive Van Buren of the right to present a defense under *Jones*, 168 Wn.2d at 720.

D.     Van Buren Not Entitled to Necessity Defense

Van Buren argues he was entitled to the common law defense of necessity because he believed he had to be late to avoid the greater harm of driving with a suspended license. He claims the superior court's order in limine effectively deprived him of the ability to present this defense. For the following reasons, we hold that Van Buren was not entitled to present a necessity defense.

"Necessity" is a common law defense with limited application. *State v. White*, 137 Wn. App. 227, 230-31, 152 P.3d 364 (2007); *see also State v. Jeffrey*, 77 Wn. App. 222, 224-25, 889 P.2d 956 (1995); *State v. Diana*, 24 Wn. App. 908, 913-14, 604 P.2d 1312 (1979). "Generally, necessity is available as a defense when the physical forces of nature or the pressure of circumstances cause the accused to take unlawful action to avoid a harm which social policy deems greater than the harm resulting from a violation of the law." *Diana*, 24 Wn. App. at 913. Accordingly, the defense is available "'when circumstances cause the [defendant] to take unlawful action in order to avoid a greater injury.'" *White*, 137 Wn. App. at 231 (alteration in original) (quoting *Jeffrey*, 77 Wn. App. at 224). The defendant must not have caused the

13

threatened harm, and there must be no reasonable legal alternative to breaking the law. *White*, 137 Wn. App. at 231. The defendant must prove the defense by a preponderance of the evidence. *White*, 137 Wn. App. at 231.

On the record, Van Buren could not make a prima facie showing of necessity. There is no evidence that the physical forces of nature caused him to choose between taking unlawful action (i.e., failing to appear as required) in order to avoid a greater injury (i.e., driving on a suspended license). The pressure of the circumstances likewise did not cause Van Buren to take unlawful action to avoid some greater harm. As discussed above, the record does not show that alternative modes of transportation were unavailable to Van Buren or that he could not use the alternatives that were available. Accordingly, his argument fails because there were reasonable legal alternatives to breaking the law. *See White*, 137 Wn. App. at 231. The evidence that Van Buren sought to introduce was not at least minimally relevant under *Jones*, 168 Wn.2d at 720. Therefore, the superior court did not effectively deny Van Buren his right to present a defense when it granted the State's motion in limine.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Van Buren argues that he was denied effective assistance of counsel because counsel only raised the affirmative defense of uncontrollable circumstances, but failed to raise the common law defense of necessity. We disagree.

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate ineffective assistance of counsel, Van Buren must satisfy the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 687,

104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If Van Buren fails to establish either prong of the test, we need not inquire further. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Under the first prong, Van Buren must show that counsel's performance fell below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995). To demonstrate deficient performance, the record must show no legitimate strategic or tactical rationale for the trial attorney's decisions. *McFarland*, 127 Wn.2d at 336. Second, Van Buren must show prejudice. *Id*. at 335. Prejudice exists if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011).

We must be "highly deferential" in evaluating a challenged attorney's performance. *Strickland*, 466 U.S. at 689. We strongly presume that the attorney performed reasonably. *State v. Brett*, 126 Wn.2d 136, 198, 892 P.2d 29 (1995).

In *White*, 137 Wn. App. at 231, the court stated that the statutory defense of uncontrollable circumstances "appears to displace the need to give a general necessity defense instruction." Similarly, the comment to WPIC 19.17, which involves the affirmative defense of uncontrollable circumstances, notes that the statutory defense of uncontrollable circumstances "most likely supplants the common law defense of necessity." On the other hand, *State v. Kurtz*, 178 Wn.2d 466, 309 P.3d 472 (2013), held that medical necessity remained an available defense to a marijuana prosecution.

Whether or not the defense of necessity remains available, counsel's failure to raise it did not constitute ineffective assistance. As shown above, on the record before us Van Buren was not entitled to raise the defense of necessity. His counsel was not deficient for failing to raise a

defense that Van Buren legally could not raise.  Because Van Buren fails to establish deficiency, he cannot succeed on his claim of ineffective assistance.

CONCLUSION

We affirm the superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Bjorgen, C.J.

We concur:

_____
Johanson, J.

_____
Sutton, J.