IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38759-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RYAN JOHN ELLIOTT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Ryan Elliott entered into a step plea agreement and

pleaded guilty on separate days to vehicular homicide and failure to remain at the scene of

an accident. Rather than accept the parties' recommendation for the second conviction to

run concurrently with the first, the trial court ran them consecutively.

On appeal, Mr. Elliot argues the trial court abused its discretion when it imposed

an exceptional sentence. We disagree that the trial court imposed an exceptional sentence

and affirm.

FACTS

Ryan Elliott was driving after drinking when he crashed into a parked military-

style tow truck. Mr. Elliott's two passengers, his son, Travis Elliott, and Peter Louthian,

were severely injured. Mr. Elliott did not call 911 and instead left his injured passengers unaided at the scene of the crash.

Travis Elliott called Jennifer Elliott, his mother, and asked that she pick up the injured passengers from the crash scene. She did as requested and "'dumped them off'" at the hospital, then immediately left. Clerk's Papers (CP) at 62. Travis Elliott had a scalp laceration and a bruised and bleeding neck. Peter Louthian was unresponsive, was airlifted to Sacred Heart Medical Center, and died eight days later.

The State charged Mr. Elliott with vehicular homicide and failure to remain at the scene of an accident. The parties reached a step plea agreement on the charges, where Mr. Elliott would plead guilty to both charges, but on separate days. The parties jointly recommended the high end of the standard range for each sentence and that the sentences run concurrently.

In January 2022, Mr. Elliott pleaded guilty to vehicular homicide, and the court sentenced him to 20 months of confinement. In February 2022, Mr. Elliott pleaded guilty to failure to remain, and the court sentenced him to 14 months of confinement. At the second sentencing hearing, the trial court explained that it would not follow the joint recommendation of concurrent sentences and would instead order the sentences to run consecutively. The State told the court that its decision to run the sentences consecutively

was an exceptional sentence that required the court to provide a basis for the exceptional

sentence. The court indicated it would provide a basis in writing.

The court later entered written findings of fact and conclusions of law for an

exceptional sentence. The court explained its basis for the exceptional sentence:

> The Court finds the two separate counts . . . should be considered as two separate instances thus warranting an exceptional sentence upward to run the sentences consecutively. The first incident occurring when [Mr. Elliott] left the scene of a significant accident he caused without notifying emergency services or rendering aid, and the second, separate cause eight days later when the victim died from his injuries as a result of the accident caused by [Mr. Elliott]. These Findings are made in the interest of justice and within the purpose of the [Sentencing Reform Act of 1981, chapter 9.94A RCW].

CP at 43.

Mr. Elliott timely appealed.

ANALYSIS

Mr. Elliott argues his consecutive sentence is exceptional under RCW

9.94A.589(1) and the trial court did not base its findings and determination on

a required statutory aggravating factor. The State argues that former RCW 9.94A.589(3)

(2015) applies instead and the trial court was not required to enter findings of fact

because the sentence was not an exceptional sentence. The State is correct.

3

*Sentencing under RCW 9.94A.589(1)*

Under RCW 9.94A.589(1)(a), whenever a person is sentenced for two or more "current offenses," the sentences must run concurrently. "Current offenses" is defined as "[c]onvictions entered or sentenced on the same date as the conviction for which the offender score is being computed." RCW 9.94A.525(1). If sentencing falls under RCW 9.94A.589(1), a consecutive sentence is an exceptional sentence subject to the limitations in RCW 9.94A.535. That statute provides that the trial court may impose an aggravated exceptional sentence without a jury after it considers four aggravating circumstances and sets forth the reasons for its exceptional sentence in written findings of fact and conclusions of law. RCW 9.94A.535(2).

Here, as the State points out, Mr. Elliott's convictions were entered on different dates and he was sentenced on different dates. This arrangement was an intentional result of the bargained-for step plea deal. Accordingly, the convictions are not current offenses within the meaning of RCW 9.94A.589(1). Further, it is undisputed that the sentence for each crime was within the standard sentence range for that crime. Because RCW 9.94A.589(1) does not apply here, the trial court was not required to enter written findings of fact and conclusions of law for its decision to run Mr. Elliott's sentences consecutively. *See* RCW 9.94A.535.

4

*Sentencing under former RCW 9.94A.589(3)*

Instead, former RCW 9.94A.589(3) was the source of the trial court's sentencing authority, as the State argues and Mr. Elliott seemingly agrees.

Former RCW 9.94A.589(3) provides:

[W]henever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced *unless the court pronouncing the current sentence expressly orders that they be served consecutively.*

(Emphasis added.) Here, Mr. Elliott was sentenced for a felony (failure to remain), that was committed while he was not under sentence for conviction of a felony (vehicular assault). Quoting the last five lines of former RCW 9.94A.589(3), the sentence (for failure to remain) was required to

run concurrently with any felony sentence [the recent vehicular assault sentence] which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced *unless the court pronouncing the current sentence* [*failure to remain*] *expressly orders that they be served consecutively.*

(Emphasis added.) Thus, by its plain language, former RCW 9.94A.589(3) applies to the facts here and permitted the trial court to run the separate convictions consecutively. We may affirm the trial court's decision on any basis supported by the record and the briefing.

*State v. White*, 137 Wn. App. 227, 230, 152 P.3d 364 (2007).  We affirm the trial court's

sentence under former RCW 9.94A.589(3).

Mr. Elliott argues that the legislative history of former RCW 9.94A.589(3) restricts

application of the subsection to a previous sentence from (1) a foreign jurisdiction,

(2) imposed by a different judge, (3) on a wholly unrelated matter.  Br. of Appellant at 9.

He argues that any sentencing ambiguities be resolved in his favor, consistent

with the rule of lenity.  Br. of Appellant at 11.  In response, the State argues that former

RCW 9.94A.589(3) is unambiguous, and the rules surrounding statutory construction do

not permit us to resort to legislative history.  Once again, the State is correct.

The purpose of statutory interpretation is to determine and give effect to the intent

of the legislature.  *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013).  We

determine legislative intent "from the plain language enacted by the legislature,

[including] the text of the provision in question, the context of the statute in which the

provision is found, related provisions, and the statutory scheme as a whole." *Id.*  If a

statute is unambiguous, we are required to apply the statute as written and assume that the

legislature meant exactly what it said.  *State v. Radan*, 143 Wn.2d 323, 330, 21 P.3d 255

(2001).  The rule of lenity does not apply to an unambiguous statute.  *Id.*  Resorting to

legislative intent before first determining if a statute is ambiguous is erroneous. *Cerrillo v. Esparza*, 158 Wn.2d 194, 202, 142 P.3d 155 (2006).

Mr. Elliott does not argue that former RCW 9.94A.589(3) is ambiguous. Nor would we find it ambiguous. Although the subsection requires a close reading, we find no ambiguity in it to justify ignoring its plain language. Its plain language permitted the trial court to enter consecutive sentences under the facts here.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____          _____
Pennell, J.                                              Staab, J.

7