# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) No. 75070-4-I |
| Respondent, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| SETH THOMAS DAVIS, | ) |
| | ) |
| Appellant. | ) FILED: October 2, 2017 |
| | ) |

APPELWICK, J. — A jury convicted Davis of assault in the second degree. He argues that the trial court erred by not instructing the jury on a lesser included offense, and erred in its initial aggressor instruction. We affirm.

## FACTS

Seth Davis and Lauren Cross have a child together. At the time of the incident, the relationship between Davis and Cross was "on-again, off-again."

On her birthday, Cross went out for drinks with some male coworkers at a restaurant. Davis showed up at the restaurant and sat down next to the group. A dispute arose between Davis and Cross's coworker Timothy Fielding. Food was thrown. A physical altercation ensued. Fielding suffered a broken nose.

Davis was charged with assault in the second degree. A jury found him guilty. Davis appeals.

## DISCUSSION

Davis makes two arguments. First, he argues that the trial court erred by not giving an instruction for the lesser included offense of assault in the fourth degree. Second, he argues that the trial court erred in giving an initial aggressor instruction. In addition, the State seeks appellate costs.

### I. Lesser Included Offense Instruction

Davis argues that the facts of this case warranted a lesser included offense instruction of assault in the fourth degree, in addition to the assault in the second degree instruction that the trial court gave. The State argues that this argument was waived, because Davis failed to object to the failure to give a lesser included offense instruction. Under RAP 2.5(a), an argument on appeal is waived if a party failed to make that argument at trial.

At the close of the State's case, Davis moved to dismiss the assault in the second degree charge, and asked the trial court to proceed only with the assault in the fourth degree charge. But, when the court asked for the parties' objections to the jury instructions, Davis did not object to the lack of a lesser included offense instruction. Any objections to the instructions, as well as the grounds for the objections, must be put in the record to preserve review. State v. Sublett, 176 Wn.2d 58, 75-76, 292 P.3d 715 (2012). Failure to object to jury instructions, as required by CrR 6.15, waives any ability to pursue that claim on appeal. State v. O'Brien, 164 Wn. App. 924, 932, 267 P.3d 422 (2011). Because Davis did not object to the omission of a lesser included offense instruction, we decline to review this assignment of error on appeal.

Under an exception to RAP 2.5(a), we review manifest constitutional errors for the first time on review. State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). But, our Supreme Court has explicitly stated that "instructional errors not falling within the scope of RAP 2.5(a), that is—not constituting manifest constitutional error—include the failure to instruct on a lesser included offense." Id. at 103. This argument was waived.

## II. Initial Aggressor Instruction

Davis next argues that the trial court's initial aggressor instruction was erroneous. We review jury instructions de novo, within the context of the jury instructions as a whole. State v. Jackman, 156 Wn.2d 736, 743, 132 P.3d 136 (2006).

Using the verbatim language of 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 16.04, at 256 (4th ed. 2016) (WPIC 16.04), the trial court instructed the jury that Davis may not claim self-defense if the jury found that Davis was the initial aggressor:

> No person may, by any intentional act reasonably likely to provoke a belligerent response, create a necessity for acting in self-defense and thereupon use, offer, or attempt to use force upon or toward another person. Therefore, if you find beyond a reasonable doubt that the defendant was the aggressor, and that defendant's acts and conduct provoked or commenced the fight, then self-defense is not available as a defense.

Davis concedes that the trial court took this directly from WPIC 16.04, but contends that it erroneously states the law for two reasons. First, he argues that the provoking act must be both intentional and unlawful. Second, Davis contends that

the instruction must explicitly state that the act must have been reasonably likely to provoke a belligerent response from a reasonable person.

Davis did not object at trial. Under RAP 2.5(a), this alleged error is therefore waived unless it amounts to manifest constitutional error. To establish manifest constitutional error, Davis must show the alleged error affected his rights at trial. O'Hara, 167 Wn.2d at 98. His rights at trial were not adversely affected, because no error occurred.

The language of the instruction comes directly from WPIC 16.04. First, the word "intentional" replaced the word "unlawful" in WPIC 16.04 following the decision in State v. Arthur, 42 Wn. App. 120, 124, 708 P.2d 1230 (1985). State v. Cyrus, 66 Wn. App. 502, 509, 832 P.2d 142 (1992). In Arthur, we held the term "unlawful" to be unconstitutionally vague, and stated that "[a]n aggressor instruction must be directed to intentional acts." 42 Wn. App. at 124. In State v. Wingate, 155 Wn.2d 817, 821, 122 P.3d 908 (2005), the court pointed out that it had approved this WPIC in State v. Riley, 137 Wn.2d 904, 908-09, 976 P.2d 624 (1999). It then declined to apply a Court of Appeals decision that used 'unlawful act' in the aggressor instruction, noting that the language had been found unconstitutionally vague in Arthur. Wingate, 155 Wn.2d at 822. Davis presents no facts specific to this case that would lead us to depart from these decisions.

Second, Davis's concern regarding a reasonable person is adequately addressed by the requirement that a belligerent response be "reasonably likely." The initial aggressor instruction was not erroneous.

## III. Costs on Appeal

The State seeks appellate costs. The trial court found Davis indigent for the purposes of his appeal. When a trial court makes a finding of indigency, that finding remains throughout review unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved. RAP 15.2(f). In support of its argument that Davis should be liable for costs, the State notes that Davis's work release form stated that he was employed. This information alone—that Davis is employed—does not establish that Davis's financial situation has significantly improved such that it rebuts the presumption of indigency. The State is not entitled to costs.

We affirm.

WE CONCUR:

Appelwick, J.

Spearman, J.

Leach, J.