# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54674-4-II |
| Respondent, | |
| v. | |
| BILLY JAMES LINDBERG, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — A jury convicted Billy Lindberg of one count of unlawful possession of a controlled substance—methamphetamine with intent to deliver, one count of unlawful possession of a controlled substance—heroin, one count of criminal impersonation in the first degree, and two counts of bailing jumping for failure to appear on February 22 and April 11. On appeal, Lindberg argues this his unlawful possession of heroin is void under *Blake*,[1] that his counsel was ineffective for failing to timely move to suppress evidence resulting from an illegal search, and that his February 22 bail jumping charge violates the double jeopardy provisions of the United States and Washington Constitutions.

---

[1] *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

The State concedes that Lindberg's unlawful possession of heroin is no longer valid and that he was subjected to double jeopardy for his February 22 bail jumping conviction. The State also argues that Lindberg cannot satisfy the elements of ineffective assistance of counsel because he cannot prove prejudice.

We reverse and remand to the trial court to vacate Lindberg's unlawful possession of heroin and February 22 bail jumping convictions, and affirm his unlawful possession of methamphetamine with intent to deliver conviction because Lindberg's ineffective of assistance of counsel claim fails. On remand, the trial court should resentence Lindberg if necessary to correct his offender scores on his other counts.

FACTS

An officer viewed Lindberg idling in a parking lot at night, saw him drive off without his lights on, and pulled him over. Lindberg provided a false name to the officer. After running Lindberg's car license plate, the officer discovered he had an outstanding warrant. A second officer, who had previous contact with Lindberg, identified him as Lindberg. The officers arrested him based on the warrant. The first officer looked into the car from a lawful vantage point outside the vehicle and noticed foil with suspected heroin residue under the driver's seat along with a digital scale. The officer applied for and received a telephonic search warrant. The warrant authorized the officer to search Lindberg's vehicle and containers within the vehicle.

During the search of the car, the officer moved an electronic tablet to access items beneath it. The screen turned on and the officer viewed a text message and recognized incriminating language. The officer testified that he did not move the tablet with the intention of waking the device and did not press any buttons on the device. The officer applied for and received an additional warrant to search the tablet.

The search of the vehicle and Lindberg's person revealed empty baggies often used for packaging narcotics for sale, a scale with a dark substance on it used for weighing narcotics for sale, methamphetamine crystals in quantities greater than is usually associated with personal use, cash, and gift cards that are often used as currency in drug deals.

The search of the tablet revealed text message exchanges detailing plans to possess and deliver methamphetamine. The first text message said, "I have your half of W," W referring to "white," a street term for methamphetamine. 2 Report of Proceedings (RP) at 410. The second text message stated, "What up? I got that W. When are you picking that up[?]". 2 RP at 410. The final text message stated, "Do you want any of this W? If not let me know 'cuz I can move it. No worries either way." 2 RP at 410-11.

Prior to trial, Lindberg was required to appear in court on February 22 and April 11 but failed to do so. The State charged Lindberg with one count of unlawful possession of a controlled substance—methamphetamine with intent to deliver, one count of unlawful possession of a controlled substance—heroin with intent to deliver, one count of criminal impersonation in the first degree, one count of bailing jumping for failure to appear on February 22, and one count of bail jumping for failure to appear on April 11.

On the morning of trial, Lindberg's counsel requested a continuance and moved to suppress evidence from the tablet. Lindberg's counsel recognized that the motion to suppress was untimely, but he explained that he had not previously understood the issues involved. The court denied the motion to continue and declined to consider the motion to suppress.

The jury convicted Lindberg of one count of unlawful possession of methamphetamine with intent to deliver, one count of the lesser charge of unlawful possession of heroin, one count of criminal impersonation in the first degree, one count of bailing jumping for failure to appear on

February 22, and one count of bail jumping for failure to appear on April 11. Lindberg appeals his convictions for unlawful possession of heroin, unlawful possession of methamphetamine with intent to deliver, and his bail jumping conviction from his February 22 failure to appear.

## ANALYSIS

### I.     POSSESSION CONVICTION

In a recent decision, our Supreme Court held former RCW 69.50.4013 (2017) unconstitutional and void because its lack of a mens rea requirement violated the due process clauses of the Washington and United States Constitutions. *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). The court vacated Blake's conviction. *Id*. Any conviction based on that statute is also invalid because a judgment and sentence is invalid on its face when a defendant is convicted of a nonexistent crime. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004).

In a supplemental brief, Lindberg argues that his unlawful possession of heroin charge is invalid due to *Blake*. The State concedes this issue. Because Lindberg was convicted under former RCW 69.50.4013(1) and *Blake* held that statute is void, we reverse and remand to the trial court to vacate his conviction.

### II.     INEFFECTIVE ASSISTANCE OF COUNSEL

Lindberg argues that his counsel was ineffective for failing to timely move to suppress evidence from his tablet and that such failure prejudiced him. We disagree.

A.    Legal Principles

Defendants have a constitutional right to effective assistance of counsel. *In re Pers. Restraint of Khan*, 184 Wn.2d 679, 688, 363 P.3d 577 (2015). We use the two-prong test from *Strickland*,[2] to evaluate whether a defendant's counsel was effective. *See State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Under such test, a defendant must show (1) that "'counsel's performance fell below an objective standard of reasonableness,'" and (2) that he was prejudiced by such performance. *Khan*, 184 Wn.2d at 688 (quoting *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010)). The defendant must prove prejudice by demonstrating that within a reasonable probability counsel's errors resulted in a different outcome. *Id*.

B.    Lindberg's Counsel Was Not Ineffective

Lindberg argues that he received ineffective assistance of counsel because his attorney failed to bring a timely motion to suppress the evidence garnered from the search of his tablet. He claims that the motion would have succeeded because the movement of the tablet was an illegal search and seizure.

Under the first prong of *Strickland*, Lindberg must ordinarily show that his counsel's performance fell below an objective standard of reasonableness. *See Khan*, 184 Wn.2d at 688. However, we need not explore counsel's allegedly deficient performance because Lindberg cannot show prejudice, and therefore his claim fails. *See Khan*, 184 Wn.2d at 688.

Under the prejudice prong of *Strickland*, Lindberg must demonstrate, within a reasonable probability, that the outcome of the trial would have been different absent counsel's errors. *See Khan*, 184 Wn.2d at 688. To do this, Lindberg must persuade us that had the trial court not admitted the seized text messages into evidence, the jury would not have convicted him. *Id.* In

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

light of the substantial additional evidence of Lindberg's guilt, apart from the seized text messages, Lindberg fails to demonstrate that the outcome of his trial would have been different if the trial court had suppressed the text messages. Officers found empty baggies often used for packaging narcotics; a scale with a dark substance (like heroin) on it, which is of the type used for weighing narcotics for sale; methamphetamine crystals in a quantity greater than is usually associated with personal use; cash; and gift cards which are often used as currency in drug deals.

While the text messages provided additional evidence, the physical evidence and officer testimony alone were sufficient to prove that Lindberg was selling methamphetamine. The first text message said, "I have your half of W." 2 RP at 410. The second text message stated, "What up? I got that W. When are you picking that up[?]". 2 RP at 410. The final text message stated, "Do you want any of this W? If not let me know 'cuz I can move it. No worries either way." 2 RP at 410-11. Such messages only corroborate the strong inference that Lindberg had the intent to deliver methamphetamine, but they do not constitute the sole proof of Lindberg's intent.

Lindberg fails to demonstrate that prejudice resulted from his counsel's failure to timely move to suppress the text messages found on his tablet because he has not shown that the outcome of the trial would have been different absent their admission. Therefore, we conclude he has failed to show that he received ineffective assistance of counsel. We affirm his conviction for unlawful possession of methamphetamine with intent to deliver.

III.    DOUBLE JEOPARDY

Lindberg argues that he was convicted twice for failing to appear at the same hearing, violating the double jeopardy clauses of the United States and Washington Constitutions. The State concedes the issue. We agree that Lindberg's second conviction for failing to appear on February 22 violated the double jeopardy clauses of the Washington and United States Constitutions.

We review double jeopardy claims de novo. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 979-80, 329 P.3d 78 (2014). The United States and Washington Constitutions protect defendants from double jeopardy. U.S. CONST. amend. 5; WASH. CONST. art. I, § 9. "The prohibition on double jeopardy generally means that a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense." *Villanueva-Gonzalez*, 180 Wn.2d at 980. To analyze whether a conviction violates double jeopardy, we must determine the unit of prosecution intended by the legislature. *State v. O'Brien*, 164 Wn. App. 924, 928, 267 P.3d 422 (2011). When a defendant is convicted under the same statute multiple times, each conviction must be from a unique "unit of prosecution." *Id*. Failure to appear for multiple court orders scheduled for the same day results in one unit of prosecution. *Id*. at 929-30.

We conclude that Lindberg was convicted twice for the same February 22 failure to appear and was therefore subject to double jeopardy. Though Lindberg was scheduled for two hearings on February 22, one for cause number 17-1-00812-9, and another for 17-1-01745-4, this is nonetheless one unit of prosecution. *See Id*. Accordingly, we reverse the conviction for bail jumping arising out of this case.

7

## CONCLUSION

We reverse and remand to the trial court to vacate Lindberg's unlawful possession of heroin and February 22 bail jumping convictions, and affirm his conviction for possession of methamphetamine with intent to deliver. On remand, the trial court should resentence Lindberg if necessary to correct his offender scores on his other counts.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, A.C.J.

_____
Cruser, J.