**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 83711-7-I |
| AKEEL JAMAL BIN-BELLAH, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

MANN, J. — Akeel Bin-Bellah pleaded guilty and was convicted of one count of second degree assault—domestic violence, and three counts of fourth degree assault—domestic violence. In this personal restraint petition (PRP), Bin-Bellah asks this court to vacate his three fourth degree assault convictions based on double jeopardy and remand for resentencing. We grant Bin-Bellah's petition, vacate the three fourth degree assault convictions, and remand for resentencing on the second degree assault conviction—domestic violence.

I

On May 31, 2018, Bin-Bellah was charged with assault in the first degree— domestic violence from an incident that occurred on December 10, 2017. According to the certification of probable cause, the incident arose after Renton police officers arrived for a welfare check on Darlene Slade, Bin-Bellah's mother, after a report that she was

laying in the hallway outside her apartment. Bin-Bellah's sister Amirah[1] spoke to officers and told them that her mother and Bin-Bellah had been fighting, but Amirah fell asleep during the fight and did not awake until someone knocked on her door asking if she knew the woman lying on floor. Amirah identified their mother as the one lying on the floor and told officers that she would not be surprised if "Akeel assaulted Slade."

Slade was transported to Harborview Medical Center due to suspicions of a brain hemorrhage. At Harborview, Slade was diagnosed with a traumatic subdural hematoma with loss of consciousness, traumatic epidural hematoma, traumatic brain injury, and a subarachnoid hemorrhage following the injury.

Officers eventually confronted Bin-Bellah about the incident while he was at work, but Bin-Bellah asked to speak with an attorney before any further questioning. Officers attempted to speak with Slade but she was either unable or unwilling to answer whether Bin-Bellah assaulted her.

Officers also spoke with Bin-Bellah's other sister, Shandra Matthews. Matthews showed officers a recording of Slade where she asks Slade if Bin-Bellah "did this" and Slade responded "I think so." Matthews later told officers that Bin-Bellah admitted to her that he hit their mother.

Bin-Bellah agreed to plead guilty to an amended information which charged him with one count of assault in the second degree—domestic violence, and three counts of assault in the fourth degree—domestic violence. These charges were all based on the

---

[1] For clarity, we refer to Amirah by her first name. We intend no disrespect. We note that there are different spellings of Amirah's name in the record.

incident on December 10, 2017 with his mother.  On November 4, 2019, Bin-Bellah

entered a guilty plea on all counts.

Bin-Bellah stated in his plea:

Count 2-4: I am pleading guilty to three counts of assault in the fourth degree.  I am doing so in order to take advantage of a plea bargain offered by the prosecution pursuant to In Re Barr and State v. Zhao.  I have reviewed the original and amended charges, police reports and the anticipated evidence against me with my attorney.  I have discussed the consequences of a conviction on the original charge and the consequences of a conviction on this amended charge with my attorney.  I have reviewed with my attorney the elements of the offense for which I was originally charged and the elements of the charge to which I am pleading guilty.  I acknowledge that there is not a factual basis for the current charge, but I believe that if I were to proceed to trial on the original charge there is a substantial likelihood of conviction on the original charge. I understand that I am not being convicted or found guilty or admitting factual guilt to the original charge.  <u>Although I do not admit guilt as to the original charge, I agree that the court can review the Certification of Probable Cause for the purpose of determining a factual basis for the original charge and for sentencing purposes only.</u>  I have received a copy of the amended information and I have no further questions to ask the court.  I am knowingly and voluntarily pleading guilty to the amended charges of three counts of assault in the fourth degree.

 (Emphasis added.)

In the amended judgment and sentence, the sentencing court imposed 84

months for the second degree assault to run consecutively with 364 days imposed for

each three misdemeanor fourth assaults.

On April 30, 2021, Bin-Bellah moved for relief from judgment in King County

Superior Court.  The trial court transferred Bin-Bellah's motion to this court for

consideration as a PRP.

II

A petitioner may request relief through a PRP when they are under an unlawful

restraint.  RAP 16.4(a)-(c).  "A personal restraint petitioner must prove either a (1)

constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" In re Pers. Restraint of Monschke, 160 Wn. App. 479, 488, 251 P.2d 884 (2010) (quoting In re Pers. Restraint of Davis, 152 Wn.2d 647, 672, 101 P.3d 1 (2004)).  The petitioner must prove prejudice by a preponderance of the evidence.  In re Pers. Restraint of Lord, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). "The petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations."  Monschke, 160 Wn. App. at 488; RAP 16.7(a)(2)(i).

In evaluating PRPs, we can (1) dismiss the petition if the petitioner fails to make a prima facie showing of constitutional or nonconstitutional error; (2) remand for a full hearing if the petitioner makes a prima facie showing but the merits of the contentions cannot be determined solely from the record; or (3) grant the petition without further hearing if the petitioner has proven actual prejudice or a miscarriage of justice.  In re Pers. Restraint of Stockwell, 160 Wn. App. 172, 176-77, 248 P.3d 576 (2011).

A

Bin-Bellah challenges his plea on the basis that the three fourth degree assault charges violate double jeopardy because there was only one criminal act.  We agree.

The State principally argues that Bin-Bellah waived any double jeopardy challenge in his plea agreement.  The State claims that Bin-Bellah stipulated in his plea that all four of the assaults he pleaded to were separate and distinct acts, and so he cannot claim otherwise now.  In response, Bin-Bellah argues that he did not waive the double jeopardy challenge in his plea agreement because the double jeopardy violations are clear from the record.

"A guilty plea generally insulates the defendant's conviction from collateral attack." State v. Knight, 162 Wn.2d 806, 811, 174 P.3d 1167 (2008). There are exceptions to that general rule, including when "on the face of the record the court had no power to enter the conviction or impose the sentence." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989).

Double jeopardy challenges are not waived by a guilty plea. Knight, 162 Wn.2d at 811 (quoting Menna v. New York, 423 U.S. 61, 62, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975)). When a double jeopardy violation is clear from the record, a conviction will violate double jeopardy even when the conviction is entered pursuant to a guilty plea. Knight, 162 Wn.2d at 812. Thus, the guilty plea does not preclude our review, but our review is limited to whether a double jeopardy violation is apparent from the record. In re Pers. Restraint of Schorr, 191 Wn.2d 315, 324, 422 P.3d 451 (2018).

B

The federal and state constitutional prohibitions on double jeopardy protect an individual from being punished twice for the same crime. State v. O'Brien, 164 Wn. App. 924, 926, 267 P.3d 422 (2011). When a person is charged with multiple counts of the same offense, each count must be based on a separate and distinct criminal act. State v. Madden, 16 Wn. App. 2d 327, 332, 480 P.3d 1154 (2021). It must be manifestly apparent from the record, testimony, and argument that identical charges are based on separate acts. Madden, 16 Wn. App. 2d at 332.

Bin-Bellah argues that his three convictions of assault in the fourth degree—counts II, III, and IV, violate the Fifth Amendment and article I, section 9 prohibitions on double jeopardy. U.S. CONST. amend V; WASH. CONST. art. I, § 9. Bin-Bellah entered

his plea pursuant to State v. Zhao, 157 Wn.2d 188, 200, 137 P.3d 835 (2006) and In re Pers. Restraint of Barr, 102 Wn.2d 265, 684 P.2d 712 (1984).

Under Zhao, a defendant may plead guilty to an amended charge that has no factual basis so long as the original charge has a factual basis. 157 Wn.2d at 200. In Zhao, the defendant was charged with two counts of child molestation based on two separate incidents. 157 Wn.2d at 191. In plea bargaining, the State offered to amend the charges to two counts of conspiracy to commit indecent liberties and one count of second degree assault. Zhao, 157 Wn.2d at 191-192. Zhao entered the plea, but he later attempted to withdraw the plea arguing that he did not know he was pleading guilty to charges for which there was no factual basis. Zhao, 157 Wn.2d at 196. Our Supreme Court rejected Zhao's argument and held that a defendant can plead guilty to an amended charge as long as there is a factual basis for the original charge. Zhao, 157 Wn.2d at 200.

This court explained Zhao's holding in State v. Robinson, 8 Wn. App. 2d 629, 439 P.3d 710 (2019). In Robinson, the defendant was charged and convicted of a felony violation of a no-contact order predicated on the allegation that he had at least two previous convictions for violating the order. 8 Wn. App. 2d at 635. The State relied on Zhao to charge Robinson with one of the misdemeanor charges although there was no factual basis for the second charge. Robinson, 8 Wn. App. 2d at 633.

This court rejected the premise that Zhao permits a defendant to be convicted of two crimes based on one criminal act and one original charge. Robinson, 8 Wn. App. 2d at 636. Rather, this court clarified that Zhao does not permit avoiding double jeopardy and convicting a person for two crimes based on a single act. Robinson, 8

Wn. App. 2d at 631. Thus, this court held that Robinson's second conviction for violating the no-contact order violated the double jeopardy clause and vacated his conviction. Robinson, 8 Wn. App. 2d at 639.

Here, Bin-Bellah pleaded guilty to four counts of assault based on one criminal act. Unlike Zhao, there were not separate incidents that would allow Bin-Bellah to plead guilty to multiple counts. The certification for determination of probable cause describes a single criminal act. All four counts charged in the amended information arise from the one alleged assault on December 10, 2017.

The State argues that Robinson can be contrasted because it is based on predicate offenses. Bin-Bellah argues that distinction is meaningless. We agree with Bin-Bellah.

Robinson was decided on the fundamental premise that our state and federal constitution prohibit a defendant from being charged with multiple crimes based on a single criminal act. It was not decided solely because it was predicate offenses. There is no meaningful difference in predicate offenses versus the offenses here. Like Robinson, here, there was only one criminal act and one original charge. There were not multiple criminal acts or criminal charges like in Zhao. There is only one separate and distinct criminal act. It is irrelevant what the guilty plea says if it is invalid on its face. Because of the invalid plea, Bin-Bellah was convicted of four counts of assault rather than one, resulting in substantial and actual prejudice.

Bin-Bellah has established both error and prejudice by a preponderance of evidence. Because Bin-Bellah's plea does not waive his double jeopardy challenge in his plea, and the plea agreement is invalid on its face, his petition is granted. We

vacate the three fourth degree assault convictions and remand for resentencing on the second degree assault conviction—domestic violence.[2]

_____
Mann, J.

WE CONCUR:

_____                    _____
Feldman, J.                                  Smith, C.J.

---

[2] Bin-Bellah submits a statement of additional grounds (SAG). Per RAP 10.10, SAGs are only available in direct appeals.